## LYNCH v. STATE.

### Opinion delivered May 9, 1910.

1. LARCENY—EVIDENCE—POSSESSION OF STOLEN GOODS.—In a prosecution for stealing a ring proof was admissible that defendant had in her possession other articles which were stolen at the same time that the ring was stolen, as tending to prove that she stole the ring. (Page 171.)

2. CRIMINAL LAW—SUFFICIENCY OF VERDICT.—Under an indictment containing two counts, one for grand larceny and another for receiving stolen goods, a general verdict finding defendant guilty as charged and fixing her punishment at one year in the penitentiary is valid, though it fails to designate on which count the jury found her guilty, if no objection was made as to the form of the verdict. (Page 172.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was convicted on an indictment which charged her in the first count of grand larceny, towit: that she "unlawfully and feloniously did steal, take and carry away one diamond ring, of the value of fifty dollars, the property of Mrs. G. Street," and in the second count that she unlawfully and feloniously did receive and have with the intent to deprive the true owner thereof one diamond ring of the value of fifty dollars, the property of Mrs. Street, then lately before stolen, taken and carried away, well knowing that the property had been so feloniously taken, stolen and carried away as aforesaid.

The evidence tended to prove that appellant was employed by Mrs. George M. Street as chambermaid, that appellant had free access to Mrs. Street's house, that Mrs. Street kept her jewelry, including the diamond ring, wrapped up in a chamois bag and locked in a tin box, that the key to the box with other keys were usually left on her dresser, that appellant had access to the keys, that the box was opened, the jewels taken out, and the box relocked. The jewels were worth fifteen hundred dollars. The smallest ring taken was worth one hundred dollars. The last time appellant was at Mrs. Street's house she had an opportunity to get the keys. Mrs. Street was called to the back door to see a solicitor, and left the girl cleaning up her room. When Mrs. Street returned, the girl was not in the room. She did not see her any more for months. Mrs. Street was surprised to find her gone, for she had not had time to finish cleaning up the room. She did not collect her salary when she left,' and did not afterwards call for it. The jewels that were stolen were four diamond rings, a diamond stud, a diamond brooch, three turquoises and an Eastern Star pin. Mrs. Street afterwards found the diamond stud in Hot Springs in the possession of one Bohl, a pawnbroker. One Will Keating left the stud with him, and one Lena James afterwards redeemed it, with Keating's permission, claiming it as her own. The testimony shows that appellant told the constable at Hot Springs that the particular ring in question was hers. She once lived with Lena James.

Appellant is shown to have had in her possession a brooch which the testimony of Mrs. Street tended to prove was hers,

and that it was stolen at the same time the other jewelry and the diamond ring were stolen. The testimony also tended to prove that appellant had in her possession a pin that resembled an Eastern Star pin. Mrs. Street lost an Eastern Star pin. When a witness at the instance of Mrs. Street visited appellant to see if she had an Eastern Star pin, appellant put her hand up to hide the pin, as soon as the witness cast her eye upon it.

Sam Speight testified as follows: "I have been on the detective force in Little Rock twenty-seven years. I went over to Hot Springs, and saw Keating, and got information that Henderson had fixed the ring. I asked Henderson if he had mounted such a ring, describing the ring, and he said no, he had not. A few days later, on the corner of Eighth and Broadway, I was talking to Will Miller, and Henderson came up; and I asked him if he remembered anything more about fixing that ring, and he said no, he did not remember anything about it. Some time after that I met him on Second and Main, and he told me that he remembered about the ring now; that he had seen it, and that it was work he did, but that he did not know what I was after when he was first talking with me. I think he said he had seen Will Keating in the meantime. I kept after him, because I wanted the truth about it."

The testimony on behalf of appellant and her own evidence tended to prove that the ring claimed by Mrs. Street as her ring, and which had been deposited by Keating with the pawnbroker, was a ring that belonged to Lena James, and that appellant never had possession of the ring. Appellant in her testimony contradicted the testimony of Mrs. Street, and her testimony tended to prove that she was innocent.

The court charged the jury orally, and no objection was made to the instructions.

The jury returned the following verdict: "We, the jury, find the defendant guilty as charged, and fix her punishment at one year in the penitentiary."

The motion for new trial makes the following assignments of error:

1. That the court erred in overruling defendant's motion to quash the indictment.

2, 3 and 4. That the verdict is contrary to both the law and the evidence.

5. That the court erred in permitting the State to prove, over the objection of the defendant, conversations had with Will Keating, Lena James and John Henderson, in the absence of the defendant.

6. That the court erred in permitting the State to introduce proof tending to prove that the defendant stole property not mentioned in the indictment.

7. That the court erred in permitting the prosecuting attorney, in his closing argument, to argue to the jury that M. G. Street was a widow; that the defendant had stolen fifteen hundred dollars' worth of property from her, and that was all the property she had, that all the witnesses for the defendant were negroes, and that they would swear to anything Scipio Jones, attorney for defendant, told them to swear.

8. That there is a fatal variance between the proof and the allegation in the indictment.

9. That the court erred in allowing the prosecuting attorney to argue to the jury that they could leave the diamond ring out of the case, and still there would be sufficient evidence to justify a conviction.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The verdict is sufficient. 76 Ark. 550. Where more than one felony composes one transaction, it is admissible, upon the trial for the commission of either felony, to prove the commission of the other. 4 Ark. 61; 37 Ark. 261; 77 Ark. 586; 75 Ark. 427; 84 Ark. 119; 87 Ark. 17. It is always competent to prove that witnesses have made contradictory statements. 72 Ark. 582; 67 Ark. 594; 73 Ark. 484.

WOOD, J., (after stating the facts). We are not favored with a brief on behalf of appellant, but have considered the various assignments of error. The indictment is valid. There are no exceptions to the instructions of the court. The evidence is sufficient to sustain the verdict. No objection was made to the testimony of Sam Speight as to the conversation he had with Will Keating and John Henderson. There is no showing in the record that he had any conversation with Lena James. We do not find the alleged remarks of the prosecuting attorney in the record which are set forth as the seventh and

ninth grounds of the motion for new trial. There is no variance between the allegations and the proof.

The testimony showed that the ring alleged to have been stolen was taken together with other articles of jewelry that were in the same bag. All the articles in the bag were taken at the same time. It was competent to show that appellant had possession of any of these articles. This testimony tended to prove that she took, not only these articles, but also the ring that was in the same bag, and that was stolen at the same time. The taking of the various articles of jewelry in the bag at the same time was a single act of larceny. It was but one transaction. The evidence was sufficient to support a verdict of guilty on the first count of the indictment, and that was the count on which the State relied, and on which the cause was submitted. No objection was made as to the form of the verdict. The verdict was not invalid, and is a basis for the judgment. *Cargill* v. *State,* 76 Ark. 550.

Appellant cannot complain because the jury did not return a verdict designating on which count they found her guilty. The judgment is correct. Affirm.