## STATE v. ALEXANDER AND MOORE.

### Opinion delivered May 3, 1915.

1. LARCENY—REMOVING GOODS STOLEN FROM ONE COUNTY TO ANOTHER.—Where defendant stole goods in one county and removed the same to another county, he is guilty of larceny in every county into which he may carry the goods.

2. LARCENY—STATUTORY CRIME.—The rule announced above applies as well to goods which have been made the subject of larceny by statute as to property which is the subject of larceny at common law.

Appeal from Woodruff Circuit Court, Southern Division; *J. M. Jackson,* Judge; reversed.

*Wm. L. Moose,* Attorney General, *Jno. P. Streepey,* Assistant, and *J. N. Rachels,* Prosecuting Attorney, for appellant.

The court erred in sustaining the demurrer. In the eye of the law the parties were guilty of larceny in every county into which the stolen property was carried. Kirby's Dig., § § 2090, 2091, 2095; 54 Ark. 621; 58 Ark. 513; 97 Ark. 414; 11 Wharton's Crim. Law, Kerr's

Edition, § 1166; 74 Pac. 1086; 63 Pac. 596; 11 Cush. 483; 1 Car. & P. 127; 2 Russell, Crimes, 329; 15 L. R. A. 722; 14 *Id.* 559.

*Thomas & Lee* and *G. Otis Bogle,* for appellees.

The Constitution provides that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." Const. 1874. Art. 2, Sec. 10, Declaration of Rights. Under the allegations of the indictment the crime was complete in Monroe county, and that county had jurisdiction. 30 Ark. 41, 42; 32 Ark. 568.

HART, J. The State has appealed from a judgment of the circuit court sustaining a demurrer to an indictment for larceny. The body of the indictment is as follows:

"Then and there unlawfully and feloniously did steal, take and carry away one cow, the personal property of Mary Patton, a resident of Monroe county, and did then and there unlawfully and feloniously, in the county of Monroe and State of Arkansas, unlawfully and feloniously take and receive with the unlawful and felonious intent then and there to take, steal and carry away said cow, did unlawfully and feloniously, with the unlawful and felonious intent then and there to deprive the true owner of said cow, unlawfully and feloniously did, with the felonious intent, transport and bring said cow, the property of Mary Patton, from the county of Monroe, Arkansas, into the southern district of Woodruff county, Arkansas, with the unlawful and felonious intent then and there to steal, take and carry away."

(1-2) The court erred in sustaining the demurrer to the indictment. While the indictment is not very artistically drawn, it contains all the essential elements necessary where a larceny is charged to have been committed in one county and the thief has removed the stolen property into another county. In such cases, in the eye of the law, he is guilty of larceny in every county into which he may carry the goods. The rule applies as well

to goods which have been made the subject of larceny by statute as to property which is the subject of larceny by the common law. Wharton's Criminal Law, Vol. II, § 1166, p. 1389.

By the common law, larceny, while the goods are in the possession of the thief with the felonious intent, is a crime committed by each movement of them and he may be indicted in any county into or through which they may be carried. In contemplation of law "the possession of them still remains in the true owner, and every moment's continuation of the trespass and felony amounts to a new caption and asportation." See *State* v. *Johnson,* 38 Ark. 568; *Baker* v. *State,* 58 Ark. 513.

Rapalje, in his work on Larceny and Kindred Offenses, section 63, says:

"The general rule is that, inasmuch as larceny does not change the ownership or lawful possession of the stolen property, if the thief carry it into another county, or have it so carried, and there exercise dominion over it, this constitutes larceny in such county, and the thief may be indicted and convicted therein; and the rule is the same notwithstanding the goods have been altered in their character before being carried from one county into another. Ordinarily the local jurisdiction of all offenses is in the county where the offense is committed. Larceny is made an exception, and the offender may be tried in any county to which he carries the stolen property, or where it may be found, as well as in the county in which the property was first stolen. This rule has no application, however to any crime other than larceny. The offense of receiving stolen property, or aiding in its concealment, knowing it to have been stolen, must be tried in the county where the offense was committed. Each asportation of stolen property from one county into another is a fresh theft; and where the original taking is felonious, every act of possession continued under it by the thief, is a felonious taking wherever the thief may be. In such cases a prosecution may be maintained in either county."

.To the same effect see Bishop's New Criminal Procedure, Vol. I, Sec. 59.

The judgment will be reversed and the cause remanded for further proceedings according to law.