NICHOLS v. STATE.

Opinion delivered May 8, 1922.

1. CRIMINAL LAW—EVIDENCE OF ATTEMPT TO STEAL.—Under an indictment for stealing a cow, testimony of a witness that he and defendant with others had made an unsuccessful attempt to steal a yearling the night before the cow was stolen was admissible to show a plan or scheme, where the evidence showed that defendant and witness belonged to a band organized for theft.

2. LARCENY—PARTICIPATION IN ACT.—Defendant cannot be convicted of larceny unless he was present and assisted in its commission. even though the theft was in furtherance of a conspiracy into which he had entered.

Appeal from Polk Circuit Court; *James S. Steel*, Judge; reversed.

*Norwood & Alley*, for appellant.

*J. S. Utley*, Attorney General; *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

HART, J. Charlie Nichols prosecutes this appeal to reverse a judgment of conviction against him for grand larceny charged to have been committed by stealing a cow from Ira McCown in Polk County, Ark.

The first assignment of error is that the court erred in allowing Jim Murray to testify that he and the defendant with others had tried to steal a yearling the night

before the cow was stolen, but could not catch her. This assignment of error is not well taken.

On the part of the State it was shown that the defendant, Nichols, and Jim Murray belonged to a band organized for the purpose of stealing and committing other crimes and shielding each other from prosecution therefor. Under these circumstances the evidence was admissible for the purpose of showing a plan or scheme for stealing cows and other property and disposing of them. *Murphy* v. *State*, 130 Ark. 353.

The next assignment of error is that the court erred in giving instruction No. 3 at the request of the State. The instruction is as follows: "If you find from the testimony, beyond a reasonable doubt, that the defendant, Jim Murray, and others entered into a conspiracy to commit larceny and other crimes, and that in furtherance of such agreement or understanding, Jim Murray stole the McCown cow, you will convict the defendant, although you may further find that the defendant did not actually participate in the larceny."

The defendant was indicted for stealing a cow. On the part of the State it was shown that the cow was first placed in the defendant's lot, and that the defendant subsequently assisted his brother and Jim Murray in driving the cow out of the lot. The cow was driven out of the lot for the purpose of stealing her. She was carried to another place and killed and the meat divided between the defendant Nichols, Jim Murray and others.

On the part of the defendant it was shown that he was not at home the day that his brother and Murray placed the cow in his lot and did not know anything about it. He had nothing to do with stealing the cow or receiving a part of the meat after she was butchered. The defendant could not be convicted upon an indictment for larceny if he was not present aiding, abetting, and assisting in stealing the cow. He could not be convicted of the larceny of a cow by showing that he had entered into a conspiracy with other parties to commit larceny

and other crimes, and that the other parties had stolen a cow in furtherance of such crime. If he was not present, aiding and assisting in the taking and carrying away the cow, the defendant was not guilty of larceny and could not be convicted of the crime because he had entered into a conspiracy previously to commit that and other crimes. *Hughes* v. *State*, 109 Ark. 403.

Therefore the court erred in giving the instruction complained of, and for that error the judgment must be reversed and the cause remanded for a new trial.