NEAL *v.* STATE.

Opinion delivered January 8, 1923.

1. HOMICIDE—ADMISSIBILITY OF DYING DECLARATIONS.—The admissibility of a dying declaration does not necessarily depend upon a statement of deceased that death was impending, and that he had no hope of recovery, as his knowledge of impending death may be inferred from his manner, conduct or circumstances attending him at the time the declaration is made.

2. HOMICIDE—DYING DECLARATION.—Where deceased, after being shot and after he was informed that he was mortally wounded, stated that defendant and two others shot him, such statement was admissible as a dying declaration. ‚

3. CRIMINAL LAW—OBJECTIONABLE REMARKS NOT INCLUDED IN REC-ORD.—Alleged prejudicial remarks of the prosecuting attorney and rulings of the court thereon which do not appear in the bill of exceptions, are not reviewable on appeal.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*N. A. McDaniel,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted in the Saline Circuit Court for the crime of murder in the first degree for killing W. R. Thompson, and upon trial was convicted of murder in the second degree and adjudged to serve a term in the State Penitentiary as punishment therefor. From the judgment of conviction an appeal has been duly prosecuted to this court. It is urged that the trial court committed reversible error in admitting the dying declaration of the deceased in evidence. The declaration was made to the attending physician immediately before being removed from the scene of the tragedy to St. Joseph's Hospital at Hot Springs, Arkansas, and is as follows: "Everett Neal, George Huges and Alf Neal were all present, and cussed him and shot him." The objection made to the admission of the declaration was that it was made without indication from deceased that death was impending and that he had no hope of recovery. The admissibility of a dying declaration does not necessarily depend upon a statement of a deceased that he is confronted with death and cannot recover. A knowledge of deceased of impending death may be inferred from his manner, conduct, or circumstances surrounding him at the time the declaration is made. If made to appear that a dying declaration was made under a realization of impending death, and if relevant to the issue, then it is admissible as evidence in the

case. *Rhea* v. *State,* 104 Ark. 162. The record in the instant case reflects that immediately before W. R. Thompson made the statement he was informed by his physician that he was mortally wounded and in a dying condition, and that just after making the statement Thompson said that he was going to die. Thompson was removed to the hospital, where he died two days after making the statement. These facts and circumstances reveal that the statement was made in contemplation of death, and it tended to show malice on the part of the accused. The statement was therefore admissible as a dying declaration.

It is also urged that the prosecuting attorney made remarks in his argument which were unwarranted and prejudicial to the rights of appellant. The remarks complained of, and the rulings of the court thereon, do not appear in the bill of exceptions, so that they are not reviewable on appeal. *Patrick* v. *State,* 104 Ark. 255; *Nardin* v. *State,* 143 Ark. 364.

No error appearing, the judgment is affirmed.