Smith *v.* State.

## Opinion delivered February 11, 1924.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for larceny, evidence *held* to sustain a conviction.

2. CRIMINAL LAW—EVIDENCE.—In a prosecution for larceny of automobile casings, testimony of a police officer who arrested another person in possession of the alleged stolen property, that he found among the stolen articles a raincoat which had also been stolen, was admissible, though defendant was not present at the time of the arrest and discovery of the stolen property; all of the stolen articles being found together, and there being evidence to connect defendant with the theft of the articles described in the indictment.

3. WITNESSES—CROSS-EXAMINATION.—It was proper to permit a witness to be cross-examined as to whether he had been employed as a messenger to deliver a communication of an unlawful character, such testimony being admissible to show the moral character of the witness.

4. CRIMINAL LAW—IRRELEVANT EVIDENCE.—In a prosecution for larceny of automobile casings, where there was testimony that the defendant, at the time of the commission of the crime, was seen riding in a stolen automobile with a person who was subsequently arrested while in the possession of the stolen casings, and defendant testified that such person borrowed money from him for the purpose of buying some casings, exclusion of evidence that a certain person had cashed a check for the defendant on the date of the crime was not error.

5. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—In a prosecution for larceny, cross-examination of defendant as to whether he had not been convicted of making whiskey was proper, as it is competent to ask a witness touching his recent residence, occupation and associations, as bearing upon his credibility.

6. CRIMINAL LAW—INSTRUCTION SINGLING OUT DEFENDANT'S TESTIMONY.—It was not error to refuse an instruction on the weight of the testimony which singled out the defendant's testimony, other general instructions given having covered the general subject.

7. CRIMINAL LAW—DISCRETION AS TO REOPENING CASE.—In a prosecution for larceny, in which defendant, claiming an alibi, was permitted to prove by a witness that defendant had registered in his hotel the night of the larceny, and the prosecuting attorney argued that if the defendant had registered at such hotel a register showing that fact would have been produced, refusal of the court to recall the jury, while deliberating, to permit the defendant to introduce the register was not an abuse of discretion.

Appeal from Polk Circuit Court; *B. E. Isbell*, Judge; affirmed.

*Norwood & Alley*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

SMITH, J. Appellant was convicted under an indictment charging him with larceny of some automobile casings, and has appealed.

The first assignment of error is that the testimony is insufficient to support the verdict. The casings were owned by O. L. Lawrence, who testified that he was living near Mena, on the Big Fork road, in October, 1922, and that three casings, some inner tubes, some tools and a jack, of the value of $40, were stolen from his garage, and that, the next morning after they were stolen, he examined the tracks which were made by the parties who took them; that one of the persons wore tennis shoes, and that the other man made a large track. That he notified Mr. Hazel, the constable and deputy sheriff, who came to his house, and they together followed the tracks to the place where the thieves got in an automobile, and they tracked the car from there, through a lane, to the highway. The track of the car was examined, measured, and followed to Big Cedar, Oklahoma. They came to a place where the car passed through a gate, which was opened by the man wearing the tennis shoes, as that track led from the car to the gate. The track was compared with the first tracks seen, and was believed to be the same. The track of the car was followed to the home of a Mr. Anders, who is appellant's father-in-law, and the car which made the tracks was found at Anders' house. There they discovered the casings and the other stolen articles, and a pair of tennis shoes, which were found to fit the tracks made at the place where the casings were stolen, and, upon comparison with the tracks made by appellant after his arrest, appeared to be identical. The car was identified as one belonging to Dr. Hilton. The

larceny occurred about October 4. Hazel substantially corroborated this testimony. Appellant was not at the house when Lawrence and Hazel arrived there, but word was left for appellant to come to Mena, and this he voluntarily did. One Hughen was present when the stolen articles were found, and he was arrested by Hazel.

Hungate, a deputy sheriff and the chief of police of Mena, testified that he remembered the night the casings were stolen from Mr. Lawrence, and he saw Hughen and appellant the night the casings were stolen, that they had a flat casing, and asked if he knew where they could get a patch for it; that he furnished them a patch, and they repaired the casing, after which they drove out of Mena, going in the direction of Lawrence's home; that when he next saw the car they were driving he recognized it as Dr. Hilton's car, and he heard appellant say they had traded for it near Womble, but he did not hear appellant make any statement about the casings.

Two other witnesses saw appellant and Hughen in an automobile in Mena about 9 p. m. Dr. Hilton testified, and identified the car as being his. We think the testimony was sufficient to support the verdict.

Hazel was permitted to testify, over appellant's objection, that, when he arrested Hughen and took possession of the car, he found among other stolen articles a raincoat which had been stolen from Dr. Hilton in July, 1922. This testimony was objected to on the ground that appellant was not present at the time, and it is insisted that the admission of this testimony offends against the rule that the commission of the offense charged cannot be proved by evidence of the commission of another offense, unless the two offenses are so connected as to form parts of one entire transaction. We do not think the objection was well taken, for the stolen goods were found together, and it was a proper part of the officer's narrative to tell what he had found.

Appellant attempted to prove an alibi, and Fred Anderson gave testimony in support thereof. Upon his cross-examination Anderson was asked if he had not

been employed as a messenger in a communication of an unlawful character, but the court sustained an objection thereto. It is insisted that error was committed in asking the question, although the objection was sustained. We do not think so. The objection was sustained, but we think no error would have been committed, had the question been answered, as it tended to show the moral character of the witness.

It was proved by the testimony on the part of the State that Hughen had the stolen casings in his possession when appellant rode in the car with him from Mena to Anders' home, as a circumstance to show appellant's connection with the commission of the larceny of the casings. Appellant testified that Hughen had borrowed money from him for the purpose of buying some casings, and he offered to show that one Wood had cashed a check for him on the day the things were stolen. No error was committed in the exclusion of this testimony. It was self-serving, and was irrelevant, as appellant may not have loaned the money to Hughen, even though Wood cashed his check. Wood did not offer to testify that appellant loaned Hughen any part of the proceeds.

Error is assigned in permitting appellant to be asked about making whiskey, and he was asked if he had not been convicted of making whiskey. No error was committed in permitting this examination, as it is competent to ask a witness touching his recent residence, occupation and associations, as bearing upon his credibility.

Objection was made to instruction numbered 5, which dealt with the appellant's defense of an alibi. It is substantially the instruction which was first approved by this court in the case of *Ware* v. *State*, 59 Ark. 379, and which has since been several times held not to be prejudicial.

Appellant asked an instruction numbered 4, which told the jury how to weigh and consider his testimony, and an exception was saved to the refusal of the court to give it. It is substantially or, in effect, the instruction

which we have discussed in the cases of *Denton* v. *State,* 131 Ark. 1, and *Davis* v. *State,* 150 Ark. 500. In those cases the instruction was given over the objection and exception of the accused. We held the instruction was improper as tending to single out the testimony of the accused, but that it was not prejudicial error to give it. We said the testimony of the accused should be weighed and considered as that of other witnesses, it being proper, of course, for the jury to consider the interest of the accused in the result of the trial, but that the better practice would be not to call attention to the fact that appellant had a special interest in the case which might tend to color his testimony. Other instructions dealt with the manner of weighing testimony of the witnesses generally, and we think no error was committed in refusing to give this instruction numbered 4.

Witness Dickson testified that he ran a hotel at Mena, and that appellant registered at his hotel and was assigned a room on the night the larceny was committed. Objection was made to this question by the prosecuting attorney, upon the ground that the hotel register was the best evidence of the fact. The court overruled the objection, and counsel for appellant stated the register could and would be produced if this were required, but the court permitted Dickson to testify without producing the register. In his closing argument to the jury the prosecuting attorney argued that appellant was not registered at the hotel, and that, if he had in fact done so, the register showing that fact would have been produced. After the case had been submitted to the jury, and while the jury was considering its verdict, the register was produced, and appellant asked that the jury be recalled, and that he be allowed to introduce it. The objection made was not to the argument itself, but to the refusal of the court to recall the jury. We think no error was committed in the ruling made. It was a matter within the discretion of the court, and we think no abuse of the discretion appeared. If it was thought proper to corroborate the testimony of the landlord by the pro-

duction of the register, this could and should have been done as a part of the witness' original testimony.

.Other errors are assigned, but they raise no question which we think requires discussion.

No error appears, and the judgment is affirmed.