WILSON *v.* STATE.

Opinion delivered June 30, 1924.

1. INDICTMENT AND INFORMATION—JOINDER OF BURGLARY AND LARCENY.—Under Crawford & Moses' Dig., § 3016, the offenses of burglary and grand larceny may be joined in one indictment.

2. CRIMINAL LAW—PROOF OF LARCENY OF THINGS NOT ALLEGED.—In a prosecution for grand larceny wherein defendant was charged

with having stolen certain articles, proof tending to show that certain other articles stolen at the same time and place were subsequently found in defendant's possession was admissible.

3. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—Error, if any, in an argument of the prosecuting attorney that a sentence of a year in the reform school would benefit the accused *held* cured by the court declaring same improper.

4. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—Argument of the prosecuting attorney that "I think the best thing that could happen to him (accused) would be to spend a year in the reform school," *held* a mere expression of opinion, and not improper.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

*E. K. Edwards,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant was indicted for the crimes of burglary and grand larceny. The count for burglary charged that the appellant feloniously and burglariously did break and enter the depot house of the DeQueen & Eastern Railway Company with the felonious intent to steal, take and carry away candy, check lines and snuff, the property of the DeQueen & Eastern Railway Company, a corporation, as bailee, of the value of $15. The count for grand larceny charged that the appellant did unlawfully and feloniously steal, take and carry away the property described above of the DeQueen & Eastern Railway Company, a corporation, of the value of $15. The indictment was in good form, and the appellant was put on trial for both offenses. The trial resulted in a verdict finding appellant guilty of the crime of grand larceny and fixing his punishment at imprisonment in the State Penitentiary for a period of one year. From the judgment sentencing him in accordance with the verdict is this appeal.

The testimony adduced on behalf of the State tended to prove that, on the night of May 5, 1923, the station house of the DeQueen & Eastern Railway Company (hereafter called company) at Lockesburg was broken

into, and snuff, candy and check lines of the aggregate value of $15 were stolen; that this property was in possession of the company as bailee. The station agent, after testifying that the above property was stolen, also testified, over the objection of appellant, that a little magnifying glass and a knife were taken at the same time. The deputy sheriff who arrested the appellant testified, over the objection of the appellant, in substance that he found a knife and small magnifying glass in the possession of the appellant, which were exhibited to the jury. The station agent testified that the glass belonged to witness and that the knife belonged to a man by the name of Pierce; that the knife introduced looked like the knife that witness missed. There was testimony also to the effect that a candy bucket was found near the place where the appellant was staying at the time of the commission of the alleged offenses. It was shown that the appellant was arrested a couple of weeks after the alleged burglary, and he told the officer at the time of his arrest that he got the knife and magnifying glass from a hobo in a berry patch.

1. The appellant contends that the court erred in admitting the testimony concerning the knife and magnifying glass, because it was not charged in the count for grand larceny that the knife and glass were stolen. Under the statute burglary and grand larceny may be joined. Section 3016, subdivision 8, Crawford & Moses' Digest. The appellant was on trial for both offenses. The testimony tended to show that the knife and glass were stolen on the night and on the same occasion that the burglary was committed, when the property alleged in the grand larceny charge was stolen. The testimony therefore was relevant to the offenses for which appellant was being tried. It tended to prove that the appellant was guilty of both the crimes of burglary and grand larceny, for these alleged offenses were committed on the same night and on the same occasion. It was an issue for the jury, under the evidence, as to whether the knife and magnifying glass were identified as the knife

and glass taken from the depot on the night of the burglary, and the court therefore did not err in admitting the testimony.

2. In his closing argument the prosecuting attorney made the following remarks: ''Gentlemen, when we consider this defendant's environments and the bad influences he is subjected to, I think the best thing that could happen to him would be to spend a year in the reform school. I believe he would be benefited by such a sentence.'' Counsel for the appellant objected to the remarks, whereupon the court stated to the prosecuting attorney: ''Mr. Steel, that is an improper argument, and the Supreme Court has so held.'' The appellant's counsel renewed his objection, and, among other things, stated, ''There has been no evidence introduced to show his age or anything to show that he would be sent to the reform school if convicted.'' Whereupon, the court remarked, ''No, I do not recall any testimony as to his age, and besides, the court is going to take care of the judgment in this case.''

The court's remarks to the prosecuting attorney were tantamount to informing the jury that the argument was improper, and were sufficient to counteract any prejudicial effect on the minds of the jurors that these remarks were calculated to produce, even if they were improper. But we do not concur with appellant's counsel in the view that the remarks of the prosecuting attorney were an improper argument. These remarks were but the expression of an opinion on the part of the prosecuting attorney that the appellant would be benefited by a sentence to the reform school. These remarks did not have the effect of informing the jury that the appellant, if convicted, would be sent to the reform school, as was the case in *Pittman* v. *State,* 84 Ark. 292, and *Bird* v. *State,* 154 Ark. 299. They did not purport to state the law, and were not a misstatement of any legal proposition, as was the case in the above cases. The doctrine of those cases has no application here. The mere expression of the opinion of the prosecuting attorney, under

the circumstances, did not constitute reversible error. *Blackshare* v. *State,* 94 Ark. 558; *Spier* v. *State,* 157 Ark. 282.

The remark of the trial judge that he was going to take care of the judgment in the case furnished no grounds for an inference that the appellant, if convicted of grand larceny, would be sent to the reform school. This remark merely stated the truth, that the court had control over its judgment, and the only proper inference to be drawn was that the court would render proper judgment in the case. There is no prejudicial error in the record, and the judgment must therefore be affirmed.