YELVINGTON *v.* STATE.

Opinion delivered October 5, 1925.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of grand larceny.

2. LARCENY—UNEXPLAINED POSSESSION OF STOLEN PROPERTY.—The unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn, and constitutes legally sufficient evidence of guilt, though it is improper for the trial court to give an instruction as to its sufficiency.

3. LARCENY—EXPLANATION OF POSSESSION OF STOLEN PROPERTY—JURY QUESTION.—Where recently stolen property is found in possession of the accused, the reasonableness of his explanation is a question for the jury.

4. CRIMINAL LAW—PROOF OF OTHER CRIMES.—While proof of other crimes of a similar nature, shown to have been committed about the same time, may be admitted, as disclosing the good faith or criminal intent of the accused, or to prove a scheme or plan

or system of committing crime, or to show a connection between that particular crime and the one under investigation, it is • improper, on a charge of stealing mules, to admit proof of a theft of harness having no connection with the former offense.

Appeal from Monroe Circuit Court; *George W. Clark*, Judge; reversed.

*Bogle & Sharp*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted for the crimes of grand larceny and receiving stolen property, and the trial jury convicted him of grand larceny, but acquitted him of the crime of receiving stolen property. An appeal has been duly prosecuted, and the first ground urged for reversal is that the testimony is not sufficient to sustain the verdict.

The charge against appellant is that he stole two mules, the property of C. P. Trice. Mr. Trice is a farmer in Monroe County, and it has been his custom for many years to turn his mules and other stock into the White River bottom after the crop had been gathered. He did that in the autumn or winter of 1924 and placed seventeen mules in the bottom range, and they were to remain there until he was ready to begin his crop in 1925. He hired a man to look after the mules occasionally and salt them. Askew, the man employed by Trice to look after the mules, salted them on a certain Thursday in the month of February, 1925, and on the following Wednesday, Askew and Walter Trice rode through the bottom looking for the mules, and five of them were missing, there being two bay mules among the missing, which were afterwards found in appellant's possession, at his home in Phillips County, about twenty or twenty-five miles distance from the range from which the mules were lost. Appellant claims that he bought the mules from a band of traveling horse-traders who passed through the country, and that he had been keeping the mules openly in his horse-lot adjoining the public highway and working them in a field along the highway. Two other wit-

nesses testified that, shortly after the time the mules were missed from the range, they saw three men traveling along the highway leading out of the range and having some mules in their possession. According to the testimony of one of the witnesses, the mules answered the description of those lost by Trice, and the same witness also identified appellant as being one of the men that he saw taking the mules out of the range. This witness testified that when the men with the mules approached he heard one of them give directions to the other two to "turn into the woods," and that immediately the men with the mules turned off the highway into the woods. The identification by the witness of appellant as one of the men with the mules was a little indefinite, and the witness refused to say positively and unequivocally that appellant was one of the men, but he stated in his testimony that according to his opinion and belief appellant was one of the men. While the testimony of this witness was not positive and convincing, the question of weight was one for the jury. The statement of this witness was sufficient to constitute an identification of appellant, and his testimony, if given full credit and weight, was sufficient to constitute an identification of appellant as being one of the men having the mules.

It has been decided by this court that unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn and constitutes legally sufficient evidence of guilt, though it is improper for the trial court to give an instruction as to its sufficiency. *Duckworth* v. *State,* 83 Ark. 192; *Long* v. *State,* 140 Ark. 413; *Pearrow* v. *State,* 146 Ark. 182.

Where recently stolen property is found in the possession of the accused, the reasonableness of his explanation is a question for the jury to decide in determining what inference is to be drawn. In the present case we have the fact that recently stolen property was found to be in appellant's possession, and the reasonableness of his explanation was, as before stated, a question for the jury. He testified that he bought the mules from the horse-

traders and paid thirty dollars apiece for them. The jury might have concluded that his explanation was unreasonable. In addition to that, there was one witness who testified that he saw appellant and two other men driving along the road with mules in their possession, and there was testimony that the tracks of the mules went in the direction of appellant's house, where they were finally found. Our conclusion, therefore, is that the evidence was sufficient to sustain the verdict.

Error of the court is assigned in admitting the testimony of the theft of other property and the finding of the same in appellant's possession. The State proved by witness T. T. Malone that he went to appellant's house at the latter's request and saw mules there which were afterwards identified as the Trice mules which had been stolen from the range, and that he also saw some sets of harness which were afterwards shown by another witness, F. C. Nolen, to have been stolen from him. Appellant objected to this testimony both of Malone and Nolen. We are of the opinion that it was error to admit the testimony of other thefts and appellant's possession of the other property which had been stolen. This court has adopted a very liberal rule in declaring exceptions to the general rule against proof of other crimes. We have said that proof of other crimes of a similar nature, shown to have been committed about the same time, may be admitted as disclosing the good faith or criminal intent of the accused, or to prove a scheme or plan or system of committing crime, or to show a connection between that particular crime and the one under investigation. *Howard* v. *State,* 72 Ark. 586; *Setzer* v. *State,* 110 Ark. 226; *Davis* v. *State,* 117 Ark. 296; *Murphy* v. *State,* 130 Ark. 353; *Cain* v. *State,* 149 Ark. 616; *Johnson* v. *State,* 152 Ark. 218; *Nichols* v. *State,* 153 Ark. 467. The proof in the present case does not, however, fall within the exception. The proof of the theft of the harness had no connection with the alleged theft of the mules. It occurred at a different time and place, and under those circumstances it had no tendency to establish a plan or

scheme which included the theft of the stock, and formed no connection with that incident. The court admitted the testimony on the theory that it tended to establish the good or bad faith of the accused, but we do not think that it was proper for that purpose. The assignment falls squarely within the decision of this court in the recent case of *Mays* v. *State,* 163 Ark. 232. In that case the defendant was convicted of the offense of receiving stolen property, and the State proved the theft of a valise containing woman's apparel, that two of the dresses were found in the possession of appellant, and that other stolen property had also been found in his possession. We held that the testimony was incompetent, and the same reasoning calls for the exclusion in the present case of testimony relating to other thefts. The fact that the stolen harness was found in appellant's possession at the same time that the mules were found there does not relieve the testimony of the objection that it relates to another crime. Our conclusion, therefore, is that the court erred in admitting this testimony, and, as we have no means of knowing its effect upon the mind of the trial jury, the error must be treated as prejudicial.

The judgment is therefore reversed, and the cause remanded for a new trial.