MIDDLETON *v.* STATE.

Opinion delivered May 2, 1927.

HOMICIDE—DYING DECLARATIONS.—In a murder case, statements concerning the shooting made by deceased, after being told by the attending physician that he could not live, and after he had requested his father to take him upstairs where he could have a comfortable bed to lie on until he died, were admissible as dying declarations.

Appeal from Poinsett Circuit Court; *W. W. Bandy,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted for murder in the first degree in the circuit court of Poinsett County for killing Johnnie Cox, and, upon trial under said indictment, was convicted of murder in the second degree, and was adjudged to serve a term of twelve years in the State Penitentiary as a punishment therefor, from which is this appeal. The admission in evidence of the dying declarations of Johnnie Cox, undertaking to detail the alleged facts concerning the difficulty culminating in the tragedy, is the only assignment of error by the trial court contained in appellant's motion for a new trial, and is therefore the only question before us on appeal for determination.

The substance of Johnnie Cox's statement was that he was en route home on horseback along the river road, when appellant stepped from behind a tree with a drawn revolver and demanded that he return his whiskey, which he had theretofore accused him of taking; that, when he denied taking the whiskey, appellant demanded his pistol, and, upon his refusal to comply with the demand, appellant raised his pistol to a shooting position and fired two shots at him before he succeeded in drawing his pistol and firing at appellant; that the first shot fired by appellant missed him, but the second took effect; that, when he fired at appellant, his horse whirled and ran up to a house, where he was permitted to go in and lie down until his father arrived.

The admissibility of the statement depended upon whether it was made by Johnnie Cox *in extremis*. The rule announced by this court admitting the admission of dying declarations is as follows:

"The declarations of a person who has been wounded, respecting the circumstances under which the wound was inflicted, are admissible in prosecutions for the killing of such persons, if made at a time when he did not expect to survive the injury and all hope of recovery has been supplanted by the conviction that he would certainly die. The time when made need not be when the declarant apprehended immediate dissolution. But they are admissible if made at any time when he believed that death was impending and certain." *Evans* v. *State,* 58 Ark. 47, 22 S. W. 1026; *Freels* v. *State,* 130 Ark. 189, 196 S. W. 913; *Neal* v. *State,* 156 Ark. 419, 246 S. W. 470; *Alford* v. *State,* 161 Ark. 256, 255 S. W. 884.

According to the testimony, the dying declarations were made after deceased had been informed by his physician that he could not live more than two hours, and after he had said that he only had one time to die, and after requesting his father to take him upstairs where he could have a comfortable bed to lie on until he died.

This testimony was sufficient to show that, when the statement was made, deceased had abandoned all hope of recovery and that he believed death was impending.

No error appearing, the judgment is affirmed.