COOPER *v.* STATE.

Crim. 3808

Opinion delivered July 11, 1932.

*D. H. Howell* and *Partain & Agee,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J. Chester Cooper prosecutes this appeal to reverse a judgment of conviction against him for grand larceny rendered upon the verdict of a jury.

The principal assignment of error is that the evidence is not legally sufficient to support the verdict. According to the testimony of B. L. Hodges, he lived in Van Buren, Crawford County, Arkansas, for forty-one years, and was in business there. On January 4, 1932, he purchased a license tag for an A model four-door Ford sedan, and paid $20 for the tags. The tags or plates were taken from his car and later recovered. He first missed them from his car in Van Buren, where it was parked in front of his store. He frequently drove his car from Van Buren to the city of Fort Smith, and missed his license tags or plates about the first of February, 1932. He had washed his car a few days before and did not miss the license plates then. He thinks he would have missed them if they had not been on the car.

According to the testimony of the sheriff and one of his deputies, they found the license plates or tags in the car of Chester Cooper in Van Buren, Arkansas, soon after they had been stolen. There was a Texas license on the car in which they were found. He examined the car because he went to it to arrest Cooper on another charge. According to the testimony of Raymon Irvin, he sold the car to appellant about January 10, 1932, and there were no license tags or plates for that year on it. The sheriff also testified that he saw appellant's car before he left there on the first of February, 1932, and it did not have any license plates on it. The appellant told him when arrested that the Texas plate was on the car

when he bought it. The trial of the case was had on the 24th of March, 1932, and the sheriff and his deputy both testified that they had found the license tags in the appellant's car in the city of Van Buren, Crawford County, Arkansas, about four or six weeks before. No evidence was offered in behalf of the appellant.

The evidence was legally sufficient to support the verdict. This court has held that unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn, and constitutes legally sufficient evidence of guilt, although it is improper for the trial court to give an instruction as to its sufficiency. *Yelvington* v. *State,* 169 Ark. 359, 275 S. W. 701; and *Howard* v. *State,* 185 Ark. 132, 46 S. W. (2d) 31.

But it is insisted that the venue was not proved because the prosecuting witness admitted that he frequently drove his car over to Fort Smith, and the license plates might have been stolen there. In the first place, the evidence of the prosecuting witness shows that he first missed the license plates in front of his place of business in Van Buren, Crawford County, Arkansas, and that he had washed his car a few days before, and that he would have noticed then that the license plates were missing if such had been the case. Then, too, the jury might have inferred that, if the license plates had been stolen in the city of Fort Smith, highway officers would have noticed that he was driving a car without license plates when he went home. Hence we are of the opinion that the evidence was legally sufficient to warrant the jury in finding that the license plates were taken from the car in Van Buren.

However, it would not have made any difference had they been stolen in Sebastian County. The reason is that larceny is a crime committed by the movement of the stolen property from one county to another, and the indictment may be had in any county in which the stolen property may be carried. *State* v. *Alexander and Moore,* 118 Ark. 357, 176 S. W. 315, and *Harris* v. *State, ante*

p. 6. The theft of automobile license plates costing more than $10 is grand larceny. *Cowan* v. *State*, 171 Ark. 1018, 287 S. W. 201.

It is next insisted that the court erred in giving on its own motion instruction No. 5. The court gave to the jury, on its own motion, five instructions, and instruction No. 5 contains five paragraphs. It instructs the jury upon the questions of presumption of innocence, reasonable doubt, and credibility of the witnesses. It is earnestly insisted that the giving of the instruction constitutes reversible error because it is framed in five paragraphs, and that each of them should be considered a separate instruction, and that, when this is done, the last paragraph constitutes reversible error because it does not instruct the jury on the question of reasonable doubt. We do not agree with counsel in this contention. The issue in this case was simple. In another paragraph of instruction No. 5, the court fully instructed the jury on the questions of the presumption of innocence and reasonable doubt. There could be no grounds for thinking that the mind of any reasonable man would be misled by the instruction.

It is next insisted that the court erred in refusing to give, at the request of the defendant, instruction No. 3, which reads as follows: ''You are instructed that the defendant is not charged with receiving stolen property, and, even though you find the tags were stolen by some person and later received by the defendant; it will be your duty to acquit the defendant under this indictment.''

We do not think there was any error in this regard. No evidence whatever was introduced by appellant. The sole question presented to the jury was whether the evidence adduced by the State was legally sufficient to warrant the jury in convicting appellant of larceny. There was no evidence in the case whatever upon which an instruction as to receiving stolen property could be predicated. The instruction was wholly abstract, and was warranted to mislead the jury. For the reasons given,

the case of *Thomas* v. *State,* 175 Ark. 279, 298 S. W. 1021, relied upon by counsel for appellant, is not in point, and has no application to the facts in the case at bar.

Therefore the judgment will be affirmed.