Commonwealth *v.* Gallagher, Appellant.

Argued November 12, 1962.   Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Charles D. Gallagher,* appellant, in propria persona, submitted a brief.

*Glenn E. Mencer,* District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., December 12, 1962:

The defendant has appealed from his conviction and sentence for burglary and larceny in McKean County, Pennsylvania.

A residence in McKean County was burglarized on February 10, 1961. The defendant was arrested by the police of Niagara Falls, New York, on February 20, 1961, in connection with certain robberies in New York State. Among certain items of personal property found at his residence were items of property taken in the McKean County burglary.

After the defendant had been convicted of the New York robberies and sentenced to a New York prison, the McKean County grand jury, on October 3, 1961, returned a true bill against him and a detainer was lodged with the New York authorities. On January 24, 1962, the Commonwealth instituted proceedings to secure temporary custody of the defendant for the purpose of bringing him to trial in McKean County. The defendant was transferred to the McKean County jail on May 11, 1962, counsel was appointed to represent him on May 21, 1962, and on June 5, 1962, he and an alleged accomplice were tried together before a jury and found guilty. On June 5, 1962, sentence was imposed and on June 6, 1962, the same was modified so as to expressly provide that it should commence upon the expiration of the sentence which the defendant was then undergoing in New York.

1. The appellant first complains that he had no preliminary hearing before a justice of the peace in the district where the crime took place. Since the defendant had left the state when the criminal warrant was issued, he is deemed to have impliedly waived the right to a preliminary hearing. *Commonwealth ex rel. Sholter v. Claudy*, 171 Pa. Superior Ct. 442, 90 A. 2d 343 (1952). When the defendant voluntarily leaves the jurisdiction, the district attorney has the right to pre-

sent a bill before the grand jury during his absence, and a true bill may be found during his absence. *Commonwealth ex rel. Blackman v. Banmiller,* 405 Pa. 560, 176 A. 2d 682 (1962).

2. The appellant also complains that a police officer from Niagara Falls, New York, in testifying as to what he found at the defendant's residence, was permitted to mention, over objection, items of property stolen in New York burglaries. On the meagre record before us it appears that the testimony in question may well have been admissible for the purpose of explaining how the defendant came to be identified and apprehended. *Commonwealth v. Wable,* 382 Pa. 80, 114 A. 2d 334 (1955). In any event the defendant may not complain of testimony concerning other crimes when the several offences become intertwined and inseparable by reason of his own conduct in commingling the loot obtained from the several crimes. *Commonwealth v. Gusciora,* 169 Pa. Superior Ct. 27, 82 A. 2d 540 (1951).

3. The appellant contends that "the arresting officer in the McKean County case" was not present at the trial and that, by reason of his absence, the defendant was denied the right of cross-examination concerning certain materials and statements taken at the time of his arrest in New York. Since the Niagara Falls detectives who arrested the defendant, discovered the stolen property, and took statements from him, as well as the McKean County police officer who investigated the burglary in question all were called by the Commonwealth as witnesses at the trial, the defendant's third contention may well be based upon a mistake or misconception of the true facts. In any event the prosecution is not bound to produce or to call as a witness every person who may have some knowledge of the crime. *Commonwealth v. Tauza,* 300 Pa. 375, 150 A. 649 (1930); *Commonwealth v. Drew,* 190 Pa. Superior Ct. 478, 154 A. 2d 285 (1959).

4. The appellant finally objects that the court erred in modifying the sentence imposed upon him on June 5, 1962, by calling him back to court the next day and providing that the sentence, otherwise unchanged, should commence to run only upon the expiration of the sentence he was then serving in New York. Since the modification of sentence necessarily was made either within the term of the original sentence or within thirty days subsequent thereto, the modification of sentence clearly was valid. *Commonwealth ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 100 A. 2d 122 (1953); Act of June 1, 1959, P. L. 342, No. 70, §1, 12 PS §1032.

Judgment and sentence affirmed.