DAVID W. SEARCY v. THE STATE OF ARKANSAS

5363                                        431 S.W. 2d 477

Opinion Delivered September 16, 1968

*Eugene Coffelt* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen. for appellee.

LYLE BROWN, Justice.    Appellant David W. Searcy appeals from a conviction for grand larceny for allegedly stealing a triangle micrometer and three telescope gauges.    For reversal appellant attacks the validity of a search warrant, the admission of stolen articles found in his possession which were in addition to the items described in the charge, and the voluntariness of a purported confession.

Pursuant to a search warrant, the premises of Searcy were searched and no stolen property was recovered.    Following the search, Searcy was detained for investigation and taken to the county jail.    Searcy advised the officers upon questioning that he had stored the property in his parents' garage at an address other than his own.    Searcy called his mother, directed her to unlock the garage, and proceeded with the officers to the parents' home.    In the garage the officers discovered the micrometer, gauges, and several other recently stolen items of personal property which Searcy admitted stealing.    All items were placed in a box and taken to headquarters.    The trial court permitted the introduction into evidence of the ''other items'' in the box. A written confession given on the night of detention was also admitted in evidence.    The points relied upon for reversal will be italicized and discussed.

I. *The court erred in failing to suppress the search warrant and the evidence acquired from the service of the search warrant.*

The weakness in Point I rests with the fact that the search warrant is not involved in the case. No property was seized as a result of the search at the premises of appellant. The only property seized and introduced was the property which the officers found in the garage of appellant's parents. A search warrant was obtained for the search of the parents' premises.

II. *The court erred in failing to suppress the confession of the defendant.*

Officer Saxton testified that he gave Searcy the *Miranda* warnings when he first entered the suspect's house with a search warrant. Shortly thereafter at headquarters, where the investigation continued, a radio operator typed out the warnings; they were read to the suspect and in turn he read them; thereupon he affixed his signature. All that procedure was prior to any questioning. Searcy admitted being given a part, but not all, of the *Miranda* warnings at his home. He also admitted signing the waiver prepared by the radio operator but denies knowing the contents. The trial court, after a full *Denno* hearing, ruled the signed confession admissible. We have evaluated the court's findings and made an independent determination of the issue of voluntariness in accordance with the procedure explained in *Harris* v. *State,* 244 Ark. 314, 425 S.W. 2d 293 (1968). We do not disturb the trial court's finding.

III. *The court erred in permitting the introduction of other goods allegedly stolen which were not incorporated in the charge.*

When the garage was searched the officers found a hand drill and other tools which apparently had been taken from the prosecuting witness' premises at Ben-

tonville at the same time the micrometer and gauges were stolen. There was also a box of rifle shells which was missing from the bus station in Rogers. The court permitted introduction of these "other items" with a cautionary instruction. The jury was told that the defendant was not being tried for theft of these "other items"; and that "they are not to be considered for any other purpose except as a circumstance to be considered in this case along with all the other evidence." There was no objection to the particular form of the cautionary instruction.

As to the hand drill and other tools taken from the prosecuting witness simultaneously with the micrometer and telescopic gauges, we hold they were properly admissible. See *Wilson* v. *State*, 165 Ark. 148, 263 S.W. 390 (1924). In *Lynch* v. *State*, 95 Ark. 168, 128 S.W. 1053 (1910), defendant was charged with the theft of a diamond ring. The ring was stolen along with other items of jewelry. It was there held competent to show defendant had possession of the other jewelry.

Now as to the box of rifle shells reportedly missing from the bus station at Rogers. The general and majority rule is that evidence of the possession of stolen property other than that involved in, or connected with, the charged larceny, is not admissible in the state's case in chief. 32 Am. Jur., Larceny, § 134; 22 A CJS, Criminal Law, § 691(9)b. We can perceive no connection, even remote, between the larceny at the bus station and the larceny for which the defendant was being tried. Of course, if there was some relation between the two thefts, the shells might well have been admissible, otherwise not. *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954). The facts here are essentially the same as in the case of *Yelvington* v. *State*, 169 Ark. 359, 275 S.W. 701 (1925). It was shown that Yelvington was in possession of the mules which formed the basis of the charge. A state witness testified that he also saw in appellant's possession some sets of harness which were shown to have been stolen from still another party. The theft of the harness occurred at a different time and

place, having no connection with the theft of the mules. Admission of the testimony relative to the theft of the harness caused a reversal.

Reversed and remanded.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice.   I dissent from the reversal of this case and the court's holding on Point III as to the rifle shells.   The only argument appellant advances on this point is presented as his Point II in the following form:

"The Court erred in permitting Tools, Rifle Shells, Hand Drill and Box of Items introduced in evidence which was highly prejudicial to this Appellant."

In his argument he states that there is no evidence that any of the tools or rifle shells, other than the items listed in the information charging him with larceny, were stolen and that the State could have no reason for introducing them other than creation of prejudice against appellant.

This case is somewhat different from *Yelvington v. State,* 169 Ark. 359, 275 S.W. 701.   In that case the objection argued here related to testimony concerning other thefts and the possession of property stolen in these thefts.   This is not the state of affairs in this case.

The State's evidence showed:   The officers did not search the garage at the home of appellant's parents. Appellant himself unlocked the garage, went in and picked up various items from various places therein— some out of a tool box, some from a number of other places.   The State offered in evidence, through a deputy sheriff who was present, all of the property received by the officers from appellant on this occasion.   The

deputy sheriff stated that he brought this property to the sheriff's office where he locked it up. There the property was apparently kept together in a box, because it was described as being in a box by appellant when he testified.

In view of the court's cautionary instruction referred to in the majority opinion, I can see no error. In the *Yelvington* case, it was stated that this court had adopted a very liberal rule in declaring exceptions to the general rule of proof of other crimes. Many of them are discussed in that case and others in *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804. The matter before us does not actually involve proof of other crimes committed by appellant. It involves only evidence of possession by the appellant of property found in such close connection with the property involved in the charge that the evidence regarding its possession and recovery is virtually inseparable. Certainly, the fact of the possession of the rifle shells appeared naturally and incidentally in showing the whole transaction concerning appellant's confession, his possession of the property with which he was charged with stealing, its recovery and the identification of the items he delivered simultaneously to the officers. Under the authority of *Smith* v. *State,* 162 Ark. 458, 258 S.W. 349, since all the stolen goods were found together, it was a proper part of the officer's narrative to tell what had been received from Searcy at that time and place. In the *Smith* case, a deputy sheriff was permitted to testify that when he arrested an accomplice of the defendant, he found a raincoat stolen from a Dr. Hilton among stolen articles which were in an automobile in which the defendant and the accomplice had been seen earlier. The defendant was charged with the theft of automobile casings belonging to one Lawrence about October 4, 1922. The raincoat had been stolen in July 1922.

It was held in *Commonwealth* v. *Gallagher,* 200 Pa. Super. 136, 186 A. 2d 842 (1962), that a defendant may not complain of a police officer mentioning items of

property stolen in burglaries other than the one on which the defendant was charged while testifying as to what he found at the defendant's residence. This holding is in harmony with ours in the *Smith* case, and the rule applied in these cases is applicable here.

I would affirm the judgment of the lower court.