Per Curiam.
It is said, in support of this indictment, *399 that an attempt to commit a felony is a misdemeanor, and that there can be no attempt without an act. • But if it be true that there can be no attempt without an act, why was not the act laid in the indictment? If the defendant committed an assault,.with intent to commit a felony, it might have been said so ; and if he committed no assault, it is pot easily to be conceived what kind of attempt he made. This mode of charging a thing by way of argument, and not directly, will not do. To say that a man made an attempt, is very uncertain language. We cannot pretend to say-what it is that the defendant is charged with doing; and without knowing that, we .cannot determine whether what he did was an indictable of-fence. There is no precedent in support of such an indictment, and it appears to the Court to be too loose, too vague, too uncertain, to be supported. We are, therefore, of opinion that the judgment should be reversed.
Judgment reversed.