## STATE v. JOSIAH HARDY & ALS.

Two distinct offences are not charged by an indictment alleging that the respondents made an assault upon one B., attempting thereby by intimidations to procure said B. to avoid voting at an annual town meeting.

INDICTMENT alleging that the respondents on the twelfth day of March, "1867, at Haverhill, in said county, with force and arms, did make an assault upon one George C. Butler, and him, the said Butler, did then and there beat, bruise, kick, wound and ill treat, attempting thereby by intimidations to procure said Butler to avoid voting at the annual town meeting of said town of Haverhill, the said town meeting being then and there legally and duly held and in session."

Respondents moved to quash the indictment, upon the ground that it charged two distinct offences. The court overruled the motion, and respondents excepted, and the questions of law are reserved.

*Solicitor,* for the State.

*H. & G. A. Bingham,* and *Putnam,* for respondent.

SMITH, J. This is a good indictment for violation of sec. 20, chap. 26, Comp. Statutes, which inflicts a penalty on any person who shall attempt to procure, by threats or intimidations, any other person to avoid voting at any town meeting. The assault set forth in this indictment is not alleged as a substantive offence, but as a specific statement of the manner in which the respondents attempted to prevent Butler from voting. The gist of the offence laid is the attempt, and the assault is alleged merely to describe "the act, which, in combination with the intent, is signified by the word of compound meaning; 'attempt.'"

It is questionable whether the indictment would have been sufficient if it had not contained the averment of an assault. See *Randolph* v. *The Commonwealth,* 6 Serg. & Rawle 398 ; *Commonwealth* v. *Clark,* 6 Grattan 675 ; 1 Bishop on Criminal Procedure, secs. 566-8.

*Exception overruled.*