## STATE *v.* DEARBORN.

Any fact is relevant, on the question of a prisoner's guilt, which sup-
plies a motive for the criminal act charged.

INDICTMENT, for obstructing the Boston, Concord & Montreal
Railroad. As tending to prove a motive, the state, against the

exception of the defendant, were permitted to show that the defendant had been twice arrested on criminal charges at the instance and on the complaint of the Boston, Concord & Montreal Railroad, once about four years and once about a year before the act charged in the indictment. The defendant was convicted and sentenced, and this bill of exceptions allowed.

*Pike & Parsons*, for the defendant.

*Solicitor*, for the state.

FOSTER, J.    When there is a question whether any act was done by any person, any fact is relevant to the issue which supplies a motive for such an act. Steph. Dig. Ev., Art. 7. The question is, whether A murdered B. The facts, that at the instigation of A, B murdered C twenty-five years before B's murder, and that A at or before that time used expressions showing malice against C, are deemed to be relevant, as showing a motive on A's part to murder B. *Rex* v. *Clewes*, 4 Car. & P. 221. The question is, whether A burned a certain building. The fact that A had excessive insurance upon the building is relevant, as showing that A had a motive to destroy it. *State* v. *Cohn*, 9 Nev. 179; *Com.* v. *McCarthy*, 119 Mass. 354;—see, also, *State* v. *Lapage*, 57 N. H. 245, 294, 295. These are common illustrations of what must be regarded as an elementary proposition.

It is undoubtedly true that a motive is never required to be shown in order to establish the fact of a person's guilt, " because the motives of men are so various as to defy calculation " (Steph. Cr. L. 88); but it is also true that the absence of any apparent motive is always a fact in favor of the accused. What could have been his motive? is a question the pertinency of which will never be a matter of dispute; and so the existence of a motive becomes an important element in a chain of presumptive proof. Best Prin. Ev. 571, 572. The influences of good or ill will are constantly considered in estimating the probability of the guilt of a person charged with a malicious act. The absence or presence of motive renders the alleged fact less or more probable. In the present case, evidence tending to show a motive stimulated by revenge was clearly admissible.

*Exception overruled.*

ALLEN, J., did not sit: the others concurred.