Rockingham,
Jan. 4, 1921.

## STATE v. AUGUSTUS FOSTER.

An indictment upon Laws 1919, c. 155, charging the defendant with inciting others to violate the statute of boycotts (P. S., c. 266, s. 12, as amended by Laws 1913, c. 211) is not double though it sets forth an assault, not as a substantive offence, but as a specific statement of the manner in which the defendant attempted to accomplish the offence charged.

Upon such indictment, evidence of other acts of the defendant subsequent to the acts charged is admissible though constituting a separate offence, if such evidence is connected with the general project charged and tends to show the purpose for which the acts charged were done.

Where intent is one of the elements of the crime charged, evidence which had any tendency to show that the defendant had such intent is admissible; the questions of remoteness or indefiniteness are for the trial court.

Laws 1919, c. 155, which declares the doing of any act which incites or encourages the violation of any law, state or federal or of any municipal ordinance to be a felony punishable by fine not exceeding five thousand dollars or by imprisonment not exceeding ten years or both, is in accord with *article* 18 of the bill of rights, which provides that all penalties ought to be proportioned to the nature of the offence; for the statute imposes on the court the duty to apportion the punishment in accordance with the seriousness of the offence.

How far cross-examination tending to discredit a witness should be pursued is a matter for the final decision of the trial court.

The manner in which a respondent has conducted himself toward the charges made against him is a matter always open to proof and comment.

Upon exception to the argument of the solicitor, for a departure from the evidence, the burden is upon the defendant to show error, and if the record discloses no more than a departure from verbal accuracy the exception will be overruled.

INDICTMENT, alleging "That Augustus Foster, of Haverhill, in the County of Essex and Commonwealth of Massachusetts, on or about

the 18th day of October in the year of our Lord one thousand nine hundred and nineteen at Raymond in the County of Rockingham, aforesaid, with force and arms, when the public streets of said Raymond were frequented by disorderly and riotous persons who were threatening to commit and committing assaults upon peaceful citizens then and there passing, by wilfully making an assault upon one Dana W. Bowers who was then and there a duly authorized police officer of said Town of Raymond, and by violently kicking the said Dana W. Bowers upon and about the face; and by pointing out to said disorderly and riotous persons certain workmen, to wit, one Charles Anderson, one Whalen D. Smart, one Simeon Lambert, and others, who were then and there on the way to their lawful business, to wit, to perform their contracts of hire as employees of Chase, Chamberlain and Company, a business organization engaged at said Raymond in the manufacture of shoes, — in order that said disorderly and riotous persons should interfere with said workmen to injure them in their several persons while on their way to their lawful business aforesaid, and should by threats and intimidation endeavor to prevent said workmen from engaging in their lawful business aforesaid, — thereby, in manner aforesaid, did unlawfully assist in the doing of acts which tended to urge, incite and encourage the violation of certain laws of the said State of New Hampshire, to wit, the violation of chapter 266, section 12, of the Public Statutes, as amended by section 1, chapter 211, of the Session Laws of 1913."

Plea, not guilty. Trial by jury and verdict of guilty.

The defendant moved that the indictment be quashed on the ground that there are several distinct and independent offenses alleged.

At the close of the evidence counsel for the defendant made the following motion:

"The respondent moves that the indictment be quashed without further reason than that it does not describe any offense under the statute referred to as having been committed." Both motions were denied, and the defendant excepted.

The defendant excepted to the following statement of the solicitor in argument:

"Those three witnesses, unfortunately for the defendant, happened to be in their houses and saw that thing happen. They are good reliable witnesses. Dana W. Bowers knows who kicked him. It was that defendant that kicked him; the other day they said the Lyman boy — possibly he couldn't get away · or something — today they

brought him down, and come to find out he didn't see the assault at all; I guess that is why he wasn't brought down the other day. They thought they were at a point where they could bring him, and he said he didn't see the assault. And the fellow was convicted last term. He didn't have an interest only convicted of assault. They couldn't bring him in on their shirt sleeve —"

Exceptions to the admission and exclusion of evidence are stated in the opinion. Transferred from the January term, 1920, of the superior court by *Sawyer*, J.

*William H. Sleeper*, solicitor (by brief and orally), for the state.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the defendant.

PEASLEE, J. The charge here made is doing acts tending to incite others to interfere unlawfully with persons upon their way to their lawful business. Laws 1913, *c.* 211; Laws 1919, *c.* 155, *s.* 2. The acts specified are, first, an assault upon a police officer, and second, pointing out certain persons as employees of Chase, Chamberlain & Co. on their way to work, all while the streets were frequented by riotous persons who were assaulting and threatening citizens, with intent to incite the rioters to interfere with said employees, do them bodily injury and intimidate them.

Objection is made to the sufficiency of the indictment. It is claimed that the allegation of an assault upon Bowers as one of the means used by the defendant to assist in inciting unlawful intimidation is a charge of a separate and distinct offence. In an indictment for intimidating a voter there was a similar allegation, similarly objected to. It was held that the indictment was not double. "The assault set forth in this indictment is not alleged as a substantive offence, but as a specific statement of the manner in which the respondents attempted to prevent Butler from voting." *State* v. *Hardy*, 47 N. H. 538. This is the general rule upon the subject. 22 Cyc. 389.

The further objection that the indictment does not charge any offence is clearly untenable. As before stated, it alleges that the defendant did certain specified acts, and that thereby he assisted in doing acts with the intent to incite others to violate a specified criminal statute. If these facts were proved, the conclusion of guilt would follow as matter of law. The indictment was sufficient and the motions to quash were properly denied. The question raised by the state, whether the motions came too late, has not been considered.

Assuming that they were made seasonably, the defendant takes nothing by them.

The statute makes it a crime to do or to assist in doing certain acts. Laws 1919, c. 155, s. 2. As the indictment alleges assistance only, it is said that there was error in convicting the defendant of doing rather than assisting. The record does not present this question. Whether there was a variance between the indictment and the proof is a matter about which no question appears to have been raised at the trial.

The state was permitted to show that ten days before the happening of the events set out in the indictment the defendant, in urging certain foremen to quit work for Chase, Chamberlain & Co., said the contest was an important one, that "we are going to get Chase & Chamberlain into the union or we will shut them up." One element of the crime charged was the intent to promote interference with the employees of Chase, Chamberlain & Co. Any evidence which had any tendency to show that the defendant had such a design was admissible. Whether it was so remote in time or so indefinite as to declaration of purpose as to be of no substantial aid to the jury were questions for the trial court. *Kier* v. *Parks*, 79 N. H. 67, and cases cited.

The indictment charges that the offence was committed October 18. Subject to exception the state was permitted to introduce evidence of other acts done by the defendant upon October 20. Granting for the purpose of the argument the soundness of the defendant's claim that these later acts constituted a separate offence, there was no error in permitting them to be shown. They were intimately connected with the general project the defendant was charged with unlawfully promoting, and tended to show the purpose for which the acts charged against him in the indictment were done. Wig. Ev., s. 302 *et seq.* It is no objection to their admissibility that they occurred after the acts complained of. *State* v. *Call*, 48 N. H. 126.

The exclusion, upon cross-examination of a witness for the state, of the statement that Chase "and all those men there" thought the defendant "ought to be taken care of," presents no question of law. The sole purpose was to discredit the testimony of the witness upon the ground that his employers held certain views as to what ought to be done. How far such a line of inquiry should be pursued is a matter to be finally decided by the justice presiding at the trial. *Turner* v. *Company*, 75 N. H. 521, 525.

The defendant now claims and argues an exception to permitting

the state to show that he did not attend the trial of two men who were indicted for other assaults committed in Raymond on October 20. The record is made up of some 150 printed pages of testimony, and is said to "disclose the defendant's remaining exceptions." Other than this, the record contains no statement of what the exceptions to evidence are, and the defendant's brief does not refer to the page of the record where the exception relied upon is to be found. An examination of the transcript of the evidence does not disclose such an exception. The only place where mention of the matter is found is in the cross-examination of the defendant. It there appears that no objection was made to his testifying that he was not present at the other trial, but that exception was taken to his being called upon for the reason why he was absent. He stated that there were two reasons, that he knew nothing about the other assaults of October 20, and that extradition proceedings against him were pending at the time. The first reason was clearly without prejudice to him, for he had repeatedly testified to the alleged fact of his ignorance of the other affair of October 20. The second reason brought out the fact that when prosecuted in connection with these events he resisted extradition. It merely showed the manner in which he had conducted himself toward the charges made against him. This is a matter always open to proof and comment. *Hersey* v. *Hutchins,* 70 N. H. 130, and cases cited.

Exception was also taken to the solicitor's argument to the jury. It is not entirely clear from the fragment of the argument reported how far the statement varied from the evidence. Apparently the variance is an immaterial one. There are three Lyman brothers, Fred, Walter and Ernest. All were present at or about the time of the affray. The state claimed that the assault was committed by a man in shirt sleeves and that the defendant was so dressed. Fred testified that he was in his shirt sleeves and that Foster had a coat on; and that while neither he nor Foster struck any blows Walter might have done so. Walter was present throughout the trial and testified that neither Foster nor any of the Lymans struck Bowers. Ernest was not present until late in the trial, and testified that when he arrived on the scene of the trouble the assault was over. Walter was convicted of another assault committed on October 20.

The erroneous statement in argument consists in attributing to Walter the statement made by Ernest that he did not see the assault. But Walter denied having any part in the affray as positively as Ernest did; the only substantial difference being that Ernest sought

to strengthen his denial by the statement that he was not present. The testimony which was being argued was introduced on behalf of the defendant, and all came from the Lymans, who were his friends and associates. The argument was that the defendant attempted to charge the assault upon one who was shown to be innocent of it. The error is merely in stating the specific manner in which the person so charged denied his guilt. There is not enough of the arguments in the record to show whether this is or is not a matter of material consequence. If the defendant urged in argument that Walter was the guilty party, rather than the defendant, so that Walter's guilt was made an issue, the statement was material. If this matter was not finally made an issue, then the solicitor's argument merely comes to the charge that the defendant was shifting his defence about, and a misstatement as to a minor and uncontested detail thereof is immaterial. Upon the record as it stands it does not appear that the departure from verbal accuracy was important. The burden is upon the excepting party to show error. As this is not shown by the present record, the exception must be overruled.

Whether the objection taken might have been disposed of by the presiding justice upon a finding that it was or was not harmless in fact (*State* v. *Wren*, 77 N. H. 361, 364), or whether the statement, if material, could be treated as "mere misrecollection or accidental misstatement of the evidence" (*Benoit* v. *Perkins*, 79, N. H. 11, 19), are questions that have not been considered.

Attention has not been called to any other exceptions; and, if the record shows any, it is assumed that they are waived.

*Exceptions overruled.*

All concurred.

After the foregoing opinion was filed, the defendant moved for a rehearing upon the ground that the statute under which he was convicted (Laws 1913, *c.* 211; Laws 1919, *c.* 155) violates *article* 18 of the bill of rights. Argument was invited on the motion.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the motion.

*William H. Sleeper*, solicitor, and *Oscar L. Young*, attorney-general (*Mr. Young* orally), opposed.

YOUNG, J. The defendant contends that Laws 1919, *c.* 155, ss. 2 and 3 are in conflict with *art.* 18 of the bill of rights. This article

provides that "all penalties ought to be proportioned to the nature of the offense.   No wise legislature will affix the same punishment to the crimes of theft, forgery, and the like, which they do to those of murder and treason.   Where the same undistinguishing severity is exerted against all offenses, the people are led to forget the real distinction in the crimes themselves and to commit the most flagrant with as little compunction as they do the lightest.   For the same reason, a multitude of sanguinary laws is both impolitic and unjust.   The true design of all punishments being to reform, not to exterminate, mankind."   It is probable that this article is merely directory, but assuming that it is mandatory, and that all punishments must be "proportioned" to the nature of the offence, it does not help the defendant, for while s. 2 of the act of which he complains makes it an offence to incite others to violate any law regardless of whether it is the law of the United States, of this state, or of any city or town in the state, s. 3 makes it the duty of the court to apportion the punishment in accordance with the seriousness of the offence, for the punishment may be anything from a nominal fine to a fine of $5,000, imprisonment for ten years or both.

In other words, the act in question instead of being in conflict is exactly in line with *art.* 18.

*Former result affirmed.*

All concurred.