## CAIN v. STATE.

### Opinion delivered September 26, 1921.

1. GAMING—CONDUCTING A GAMBLING HOUSE—EVIDENCE.—Evidence held to justify a finding that defendant was interested in conducting a gaming house.

2. CRIMINAL LAW—MULTIPLICATION OF INSTRUCTIONS.—It is not error to refuse instructions fully covered by those given by the court.

3. GAMING—CONDUCTING A GAMING HOUSE—EVIDENCE.— Evidence that defendant had discharged an employee who was operating

a crooked game in the basement of a pool hall which defendant was operating and that defendant was interested in gaming houses at other places in the same city was competent as tending to show that defendant was interested in a gaming house which was being operated in the basement of such pool hall.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Geo. P. Whittington* and *R. M. Ryan,* for appellant.

The testimony introduced was wholly insufficient to support the verdict of the jury.

Proof of other crimes, distinct and separate, is inadmissible to establish the guilt of defendant. 37 Ark. 261; 39 Ark. 278; 54 Ark. 621; 80 Ark. 495; 88 Ark. 579; 91 Ark. 555; 110 Ark. 226; 120 Ark. 462.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* for appellee.

1. The evidence was sufficient to sustain the allegation in the indictment that the defendant did unlawfully and feloniously keep, conduct and operate and was interested directly and indirectly in keeping, conducting and operating a gambling house and place of business where gambling is carried on.

2. The court did not err in permitting the State to prove that gambling was carried on at other places which were owned and controlled by the defendant. 130 Ark. 111; 129 Ark. 316; 130 Ark. 358; 130 Ark. 122; 131 Ark. 445.

It was not error for the State to prove by witness Page, on cross examination, that he had been convicted of a crime and attack his credibility as a witness. 136 Ark. 473.

HART, J. Timothy Cain was indicted for conducting and operating, and being interested in conducting and operating, a gaming house in the city of Hot Springs, Arkansas. The defendant was indicted under the provisions of section 2632 of Crawford & Moses' Digest, and pros-

ecutes this appeal to reverse a judgment of conviction against him after a trial before a jury.

It is earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to sustain a conviction.

The evidence on the part of the State tended to show that a gaming house was operated at No. 422 Malvern Avenue in the city of Hot Springs in Garland County, Arkansas. The evidence tended to show that a crap game was run in the basement of the building, and that forty or fifty people were found to be engaged in the game when a raid was made. There were buzzers in the basement, placed there for the purpose of warning the players that a raid was about to be made. The evidence tended to show that the place was run as a common gaming house.

The evidence on the part of the defendant tended to show that the place in question was known as the Pastime Pool Hall, and that it was operated by a man named Page, and that the defendant had nothing nothing whatever to do with its operation.

It is the contention of counsel for the defendant that the evidence on the part of the State is not sufficient to show that the defendant was interested in operating and conducting the gaming house.

We can not agree with counsel in this contention. One witness testified that the defendant was frequently seen in the building where the gaming house was operated, and that, when any squabble or unusual noise occurred in the basement where the gaming was carried on, the defendant would come back to see about it. Another witness testified that on one occasion complaint was made to the defendant that the man who was conducting the game was doing so in a crooked manner and the defendant discharged the employee complained of. Another witness testified that the defendant ran a gaming house at No. 424, Malvern Avenue, in which he had installed new gaming devices, and that he had moved his

old gaming devices from a place in Hot Springs known as the Rollins place to the Pastime place located at 422, Malvern Avenue.

It is fairly inferable from this testimony that the defendant was interested in the Pastime place, and that it was being conducted as a gaming house. The evidence for the State, if believed by the jury, was legally sufficient to show that the Pastime place was operated as a gaming house within three years before the finding of the indictment, and that the defendant was interested in conducting the gaming house.

It is next insisted that the judgment should be reversed because, under one of the instructions given for the State, the jury might have found the defendant guilty of operating a gaming house at any place in Hot Springs, while the State had elected to prosecute the defendant for conducting a gaming house at the Pastime place, or being interested therein.

The instruction in question, together with other instructions, had been given by the court before the State elected to prosecute the defendant for operating a gaming house at the Pastime place at No. 422, Malvern Avenue. After the State had made its election, the court specifically told the jury that it could not convict the defendant for conducting a gaming house other than the one at the Pastime place on which the State had elected to rely, and that proof of similar offenses about the same time at other places in the city of Hot Springs could only be considered as evidence in determining whether or not the defendant was guilty of operating a gaming house at the Pastime place. Thus the jury was told that it could not consider evidence of running a gaming house at other places without restriction; but that such evidence could only be considered for the purpose for which it was admitted.

The instruction, as a whole, properly guarded the rights of the defendant, and, if the defendant thought that the instruction complained of was misleading, he should

have specifically objected to it on the ground that it was necessary to find that the defendant was interested in running a gaming house at the Pastime place in order to convict him; for the jury must be credited with having common sense, and, when the instructions are read as a whole, it is perfectly plain that the jury was restricted to the Pastime place, and that evidence of running a gaming house at other places was only admitted for the purpose of showing that the defendant was guilty of being interested in operating a gaming house at the Pastime place.

It is next insisted that the court erred in refusing to give instruction No. 3 asked by the defendant. This instruction told the jury, in effect, that unless the State had proved, beyond a reasonable doubt, that the defendant had some interest in the Pastime place, and that gaming was carried on therein with his consent and knowledge, it should not convict him. The matters embraced in the refused instruction were fully covered by the instructions given by the court. The jury was specifically told that, in order to convict, it was necessary to find that he operated the gaming house in question and had direction and supervision over it. The court was not required to multiply instructions on the same point.

It is next insisted that the court erred in admitting evidence tending to show that the defendant operated gaming houses at other places in Hot Springs than the Pastime place. There was no error in admitting this testimony to go to the jury. It is true the general rule is that evidence of the commission of other crimes is admissible only when such evidence tends directly or indirectly to establish the defendant's guilt of the crime charged in the indictment or some essential ingredient thereof. The evidence of the commission of other crimes of a similar nature about the same time, however, tends to show the guilt of the defendant of the crime charged when it discloses a criminal intent, guilty knowledge, identifies the defendant, or is part of common scheme or

plan embracing two or more crimes so related to each other that the proof of one tends to establish the other. *Larkin* v. *State,* 131 Ark. 445.

Here the evidence shows that the defendant on one occasion discharged an employee who was operating a crooked game in the basement of the Pastime place and evidence that the defendant was interested in running gaming houses at other places in the city of Hot Springs about this time tended to show that he was operating a gaming house in the Pastime place and was not merely running a game on some particular occasion. Such evidence also tended to show that he had knowledge that a gaming house was being operated in the basement of the Pastime place, which other evidence tends to show that he was interested in and operating.

We find no prejudicial errors in the record, and the judgment will be affirmed.