Rockingham, }
March 5, 1929. }

STATE *v.* STEVE J. WARGO.

*Stewart E. Rowe*, solicitor, for the state.

*William H. Sleeper*, for the defendant.

ALLEN, J.   The evidence of the defendant's conduct towards Mary on other occasions than of the offense charged was competent to show purpose. *State* v. *Foster*, 80 N. H. 1, 4; *State* v. *Braley*, 81 N. H. 323. The relevancy of such evidence does not depend upon the fact that the conduct is the same as that of the offense charged, but upon its force in showing the defendant's purpose to commit the crime. Any conduct which tended to show that the defendant had it in mind to have sexual relations with his daughter was in support of the issue of purpose, and whether the conduct consisted of improper advances, improper relations, or punishment calculated to subjugate her to his will through fear, evidence of it was pertinent to the issue. Purpose to commit a crime is on the same relevant footing as motive, and the rule that "When there is a question whether any act was done by any person, any fact is relevant to the issue which supplies a motive for such an act" (*State* v. *Dearborn*, 59 N. H. 348, 349), applies as well to any facts which show a purpose to perform the act. There is nothing to show that the evidence was admitted to show bad character or a tendency to commit the crime or for any general persuasive bearing.

The evidence of Mary's complaint to a police officer about the defendant's treatment of her and of the action taken on the complaint in furnishing her protection was properly admitted. It was for the state to show that the crime was forcible and against the victim's consent, and whatever bore on that issue was competent.   Mary's willingness or unwillingness, as a state of mind, might be shown by her words and conduct on occasions either before or after the offense. *Hoxie* v. *Walker*, 75 N. H. 308, 311, 312; *Caplan* v. *Caplan, ante*, 318. That she so seriously sought as to obtain protection against the defendant tended to substantiate her testimony that she stood in fear of him and did not willingly submit to him.

The exception to the allowance of testimony in the defendant's cross-examination of talks he had with his wife about Mary comes to nothing. While it would seem that it would be a violation of marital confidence to disclose such talks, the evidence went no further than

to show that there had been talks. No prejudice therefrom appears, and any error became immaterial.

Soon after the date of the crime as charged Mary's uncle took her to Connecticut at her request. Subject to exception, he was permitted to testify that she told him she was going to leave home because she was being abused and beaten. The testimony was competent. It was explanatory of the conduct of the witness in taking her, and it was of bearing in showing Mary's state of mind towards the defendant. *Caplan* v. *Caplan, supra.* Specific instruction that her statements thus made should not be used as evidence of their truth was not required unless requested.

A witness was permitted to testify about the defendant's manner and attitude while he was under arrest for the crime charged. The testimony was that he was repentant, much changed from a previous aggressive attitude, and wanted help. It was some evidence of acknowledgment of guilt, and that it was in the form of the witness' opinion rather than limited to a statement of the defendant's conduct and words did not make it objectionable. *State* v. *Foster*, 80 N. H. 1, 4, 5; *State* v. *Hause*, 82 N. H. 133, 136, 137. The witness was also allowed to testify to his opinion expressed to the defendant of the latter's guilt in the following language: "I told him, I said, 'Wargo, you don't deserve any help from me, or from nobody.' S'I, 'You don't have to tell me you are guilty of this, because there is more ways than one of a man's showing guilt. You can't beat your conscience. You can say 'No' to this for a hundred years, but I see by your attitude that you are guilty,' and I says, 'I have no sympathy for you. I have been twenty-two years in this game. It is the first time I ever had a case of this kind, and,' I says, 'for me to help you or show you any sympathy would put me on the same level with yourself; and I am above that.'" This evidence does not appear to have had any bearing upon any subsequent conduct or attitude of the defendant to indicate guilt. The talk it showed closed the interview, the defendant said nothing in reply, and went away. Whether silence indicates assent depends upon the circumstances and situation. Opportunity and motive to speak must both appear. Wig., Ev., (1st *ed.*,) s. 1071. Here the futility of any reply by the defendant to the witness is obvious, and his silence was therefore of negative significance. The tendency of the evidence to prejudice the jury in giving them the opinion of the witness that the defendant was guilty is not doubtful. The motion to strike out the evidence should have been granted.

The defendant excepted to the exclusion of evidence in Mary's

cross-examination that she had pleaded guilty in Connecticut to a charge of manifest danger of falling into habits of vice. The evidence was offered for its effect on her credibility and character. It later developed that the charge was not of crime but for protective and probationary purposes and that the danger was due to the conditions in which Mary was situated and not in any way to her wrongdoing or propensities thereto. The fact that the state later introduced the evidence through another witness and the fact that the charge was not of crime but to prevent it show the invalidity of the exception.

The solicitor was allowed to argue that early action by the prosecutrix in making her complaint "is very important, because it proves in circumstantial fashion that the subject-matter probably was true, the matter complained of; it has a semblance of truth. . . ." The argument was improper and prejudicial. In cases of this nature evidence of promptness or delay in making complaint is admissible. *State* v. *Knapp*, 45 N. H. 148, 155; 2 Wig., Ev. (1st *ed.*), *s.* 1135. One reason for its competency is that delay is a form of admission in the defendant's favor that the complaint lacks merit, and it is therefore proper to show promptness as disproof of delay and to explain delay. Another and perhaps a better reason is that the evidence of promptness or delay bears on the issue of consent on which, as already appears, conduct of the prosecutrix previous or subsequent to the offense may be shown. But promptness in making complaint is no evidence of its truth on other issues. The allowance of the argument meant that a complaint thus made is affirmative evidence generally of the commission of the crime charged and it made from another's conduct an unfavorable inference against the defendant. The complaint was no more than hearsay and its early making did not improve its quality as such or serve to show that its averments were true. One is not to be unfavorably judged by the conduct of others, except so far as such conduct is in issue as an element of his liability. As to all issues except consent the evidence was negative in any probative effect against the defendant. The case is not one where evidence admissible for one purpose only is received without request for instruction to properly limit its use, but is one of making improper use of the evidence in argument. As such use was approved by the court in his express ruling that the argument might stand, the exception must be sustained. *Maravas* v. *Corporation*, 82 N. H. 533, 536, 537, and cases cited.

*New trial.*

PEASLEE, C. J., did not sit: the others concurred.

ON REHEARING. After the foregoing opinion was filed, the state moved for a rehearing.

ALLEN, J. If the exception to argument was waived in view of what happened at the trial as set forth in the state's motion for rehearing but not disclosed by the record transferred, yet the unfairness of the trial by reason of the evidence which should have been stricken out remains.

*Former result affirmed.*

PEASLEE, C. J., did not sit: the others concurred.