PUCKETT *v.* STATE.

Crim. 4039.

Opinion delivered July 5, 1937.

*Joe N. Wills,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Pulaski county, first division, for the crime of grand larceny, and as a punishment therefor was adjudged to serve a term of two years in the state penitentiary from which judgment he has duly prosecuted an appeal to this court.

The indictment contained two charges, the first count therein charging him with burglary, and the second count therein charging him with grand larceny.

Testimony was introduced by the state tending to show that he was guilty of both burglary and grand larceny. The court defined the offense of burglary in instruction number 6 and the offense of grand larceny in instruction number 7, which were given to the jury by him. Instruction number 7 is as follows:

"If you find that after he entered the house he did steal, take, and carry away personal property, as alleged in the indictment, of the greater value than twenty-five dollars, and you believe that beyond a reasonable doubt, then it would be your duty to convict him of grand larceny also."

The jury acquitted appellant on the charge of burglary and convicted him on the charge of grand larceny.

Appellant contends that under the instruction given by the court defining grand larceny an acquittal on the charge of burglary necessarily worked an acquittal

of the charge of grand larceny. We do not construe the instruction defining grand larceny as meaning that before appellant could be convicted of grand larceny the jury must find that he was guilty of burglary. The jury did not so interpret the instruction else when it acquitted appellant on the charge of burglary it would also have acquitted him on the charge of grand larceny. The law is that where one is charged with both burglary and grand larceny, the accused may be convicted of grand larceny and acquitted of burglary. Certainly the trial court did not intend by defining grand larceny as it did to tell the jury that its right to convict appellant on the charge of grand larceny depended on whether it convicted him of burglary.

The next assignment of error is that there is no substantial evidence in the record tending to show that appellant was present, aiding, abetting or ready and consenting to aid or abet in the crime of grand larceny as charged in the indictment. The indictment charged that A. C. Haley and appellant, in the county of Pulaski and the state of Arkansas, on the 22nd day of November, 1936, did unlawfully and feloniously steal, take and carry away certain property of Paul Seago of the value of $39.60, with the unlawful and felonious intent to deprive him of said property. Appellant argues that since he was indicted as a principal there must be substantial evidence showing that he was present and took part in the larceny. This is true, but his presence and participation in the larceny may be shown by circumstances. It was not necessary in order to convict him to show his presence and participation in the larceny by an eye witness. A. C. Haley, who was jointly indicted with appellant, and who was convicted of stealing the property described in the indictment from Paul Seago, testified that a short time before entering the Seago home and stealing his property, he had attempted to enter the home of Mr. Holt, and hearing some one in the house he left, going to the Seago home; that appellant was not with him on either occasion and that he did not see or meet appellant until after he had stolen the

property out of the Seago home; that he wrapped the stolen goods up in several bundles and was carrying them himself when he first met appellant about halfway between the overhead bridge on the Fort Smith branch and the main line of the Missouri Pacific; that appellant told him he was going to California and was going to the depot for that purpose; that he told appellant he would show him the way to the depot, if he would carry some of his bundles; that he did so, and after they had proceeded about a quarter of a mile they were arrested by a police officer.

Police officer Thompson testified that after visiting the Holt and Seago homes he, in company with an officer by the name of Hendricks, started to hunt for the offenders and saw two men carrying bundles crossing the paved road at Railroad avenue and Twenty-second street but did not arrest them because they did not correspond with the description of the men who had been seen attempting to enter the Holt home; that the men they had seen at the intersection of these streets were shortly afterwards arrested by a special officer in the Missouri Pacific yards who took them to the police station; that they were the same men he and Hendricks had seen at the intersection of Railroad avenue and Twenty-second street carrying bundles; that they sent for Paul Seago and his wife who identified the goods taken from the men as those stolen from their house.

Stacy Edwards, the special police officer, who arrested the men carrying the stolen goods in bundles in the Missouri Pacific yards, testified that he asked appellant where he got the goods and that appellant told him he lived at Conway and had just come into town and had brought the goods with him from Conway.

A number of witnesses introduced by the state testified that the men under arrest were the two men they had seen trying to break into the Holt home. These witnesses testified that the men went up on the porch and that the elder one cut the screen and then walked around the house, and as Mrs. Holt came out of the back door screaming both men ran away. They posi-

tively identified appellant as being with Haley at the Holt home, and officer Thompson positively identified appellant as being one of the men he and Hendricks had seen carrying the bundles at Twenty-second street and Railroad avenue.

The Holt home and the place where officer Thompson saw appellant and Haley carrying the bundles of goods was not very far from the Seago home, perhaps five or six blocks, and only a short time had elapsed from the attempted burglary at the Holt home until the Seago home was entered.

These circumstances and the claim of appellant that he had brought the goods from Conway were sufficient to warrant the jury in finding that appellant was present and participating in the asportation of the property from the Seago home.

Appellant also assigns as error the admission by the court of the testimony of C. L. Holloway, who testified that on the afternoon of the 22nd. of November he saw appellant with Haley at the Holt home and saw Haley cut the screen to one of the windows and saw them run away when Mrs. Holt came around the house hollering. It is argued that this attempted offense was not connected in any way with the crime for which appellant was being tried. This attempted crime occurred about fifteen minutes before the second offense at the Seago home. The Seago home was entered by cutting the screen and breaking the window in about the same manner that the entry was attempted to be made at the home of Mr. Holt. The distance between the two places was only about five blocks. Appellant and Haley were soon afterwards arrested in possession of the goods which had been taken out of the Seago home wrapped up in bundles. We think there was sufficient connection between the attempted crime at the Holt home and the crime charged to have been committed at the Seago home to admit the evidence of C. L. Holloway relative to the attempted burglary at the Holt home as a circumstance tending to show the guilt of appellant in the crime charged against him. This court stated in the case of

*Larkin* v. *State,* 131 Ark. 445, 199 S. W. 382, that, "The evidence of the commission of, other crimes of a similar nature about the same time, however, tends to show the guilt of the defendant of the crime charged when it discloses a criminal intent, guilty knowledge, identifies the defendant, or is part of common scheme or plan embracing two or more crimes so related to each other that the proof of one tends to establish the other." See, also, the confirmation of this rule in the cases of *Cain* v. *State,* 149 Ark. 616, 233 S. W. 779; *Yelvington* v. *State,* 169 Ark. 359, 275 S. W. 701; *Wilson* v. *State,* 184 Ark. 119, 41 S. W. (2d) 764.

Appellant assigns as error a remark made by the court to witness Haley when he was testifying. It is argued that the remark made by the court was an intimation on the part of the court that the witness was perjuring himself. Appellant had denied that he stated to the officer who arrested him that he had brought the goods from Conway. Haley was asked whether appellant made this statement to the officer when the arrest was made. Haley answered:

"No, sir, I think they (meaning the officer) must have misunderstood him, he said he had just got out from that school down there."

The court then said to him:

"Now you don't know that do you, just tell the truth."

This remark was not made for the purpose of discrediting the witness nor was it an intimation that he was not telling the truth. In his answer, Haley stated that the officer misunderstood appellant and the court's remark was for the purpose of telling him that he must state the facts and not give an opinion as to the misunderstanding of the officer. In other words, his purpose clearly was to tell the witness that he must state facts, not to state his opinion as to the understanding of the officer. We do not think this remark, in any way, was prejudicial to the rights of appellant.

The last assignment of error by appellant is that the court erred in giving instruction number 4, which reads as follows:

"Any other offense of a similar nature committed by this defendant, if any has been proven beyond. a reasonable doubt, may be proven as showing a common plan, scheme, or design, if it does so show."

Appellant argues that the effect of this instruction was to allow the jury to try him for other offenses of which he had been guilty instead of trying him for the offense of grand larceny with which he was charged. The evidence reflects that appellant had been charged and convicted of similar offenses. It is said that, in view of the evidence relative to the conviction of the other offenses, the instruction given should have stated that the jury could only consider the fact that he had been convicted of other offenses of similar nature as shedding light upon the character of the crimes he had committed, and that, without such a limitation in the instruction, it permitted the jury to convict him of the crime charged because he had been convicted of some other crimes of similar nature. Appellant made a general objection to instruction number 4, but did not point out any prejudice that might result to him on account of the phraseology of the instruction. We do not think the instruction was inherently erroneous, and had the appellant, by specific objection, called the court's attention to the purposes for which the evidence was introduced, and the only purposes for which such proof might be introduced, the court, no doubt, would have inserted the limitations suggested.

No error appearing, the judgment is affirmed.