HEARN *v.* STATE.

4317                             174 S. W. 2d 452

Opinion delivered October 18, 1943.

*Clinton J. Campbell*, for appellant.

*Guy E. Williams*, Attorney General, and *Earl N. Williams*, Assistant Attorney General, for appellee.

McFADDIN, J. Appellant was convicted of the crime of assault with intent to rape; and his motion for new trial contains eight assignments of error. We have examined each and all of these, and find that none possesses merit.

The only assignment argued in appellants brief is that relating to the admission of evidence of other acts of misconduct on the part of the defendant as bearing on his intent in making the assault involved in this case. The situation was this: the prosecuting witness (aged seventeen) definitely identified the defendant and testified that sometime after ten o'clock at night she was proceeding alone to her home and "he walked up behind me. I heard somebody starting to speak. I looked up and kept thinking I recognized him and didn't. He said, 'How far are you going?' I said, 'I live right here.' That was Mr. Tanner's house. Then he reached up with his hands and put them around my throat, attempted to choke me, and I screamed. Then he said something as he turned me loose and ran and I don't know what it was.'' The prosecuting witness did not testify as to what appellant said, or as to any other act that he did which would make this a case of assault with intent to commit rape as distinguished from an assault with intent to commit some other crime, as for instance an assault with in-

tent to rob. As evidence of assault with intent to commit rape, the State was allowed to show—over the objection of appellant duly preserved of record—two other acts of misconduct by the defendant, both of a sexual nature. (1) One witness (a woman) testified that about two months before the act here involved, appellant had torn the screen window open in the kitchen and come into the house of the witness and awakened ·her, feeling of her, and then got in bed with her before she discovered it was not her husband; that appellant had grabbed her and started to twist her leg, and she screamed and appellant ran. (2) Then another witness (a man) testified that about two months before the act involved in this case, the said witness had seen appellant one night peeping in the window of the home of the witness' brother; and the witness had taken appellant to the officers for that offense.

Now if the testimony of these two witnesses was admissible, then this case should be affirmed; otherwise, it should be reversed. We hold that this evidence was admissible as going to the question of the intent that defendant had when he committed the assault on the prosecuting witness in the case at bar. The general rule (as stated in 16 C. J. 586) is that, "on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible." But the same authority states that there are recognized exceptions to the general rule, and one of these exceptions is the matter of *intent*. In 16 C. J. 589, this exception on intent is stated as follows: "Intent. Evidence of other crimes similar to that charged is relevant and admissible when it shows or tends to show a particular criminal intent which is necessary to constitute the crime charged. . . . For evidence thereof to be admissible to show intent, the similar offenses must be so related in kind to the one in question as to illustrate the question of intent, and must have been done sufficiently near, in point of time, to the

act charged as to fairly throw some light on the question of intent. . . ."

Here each of the other two acts was within two months of the assault on the prosecuting witness, and was, therefore, recent enough in point of time to be admissible in evidence. In the case of *Stone* v. *State,* 162 Ark. 154, 258 S. W. 116, where the crime charged was assault with intent to rob, and evidence of other similar crimes was admitted to show intent, this court, speaking by Mr. Justice HART, said: "It is true that the general rule is that evidence of a distinct offense cannot be admitted in support of another offense; but there are several exceptions to the general rule. One of the exceptions is that, when it is necessary to fix the intent of the accused, or to prove the motive for the offense charged against him such testimony is admissible. It is no objection to its admission that it discloses other offenses that are subject to indictment. The exceptions to the general rule as to the admission of evidence of collateral crimes, when the evidence of the extraneous crime tends to identify the accused as the perpetrator of the crime charged, or to show the intent with which the defendant committed it, is as well settled as the general rule itself. *Billings* v. *State,* 52 Ark. 303, 12 S. W. 574; *Davis and Thomas* v. *State,* 117 Ark. 296, 174 S. W. 567; *Setzer* v. *State,* 110 Ark. 226, 161 S. W. 190; *Cain* v. *State,* 149 Ark. 616, 233 S. W. 779; and *Hall* v. *State,* 161 Ark. 453, 257 S. W. 61. Hence this assignment of error is not well taken."

This court has repeatedly recognized and declared that evidence of other crimes, recent in point of time, and of a similar nature to the offense then being tried, is admissible as bearing on the question of intent. Some such cases are: *Puckett* v. *State,* 194 Ark. 449, 108 S. W. 2d 468; *Lewis* v. *State,* 202 Ark. 6, 148 S. W. 2d 668; *Monk* v. *State,* 130 Ark. 358, 197 S. W. 580; *Cain* v. *State,* 149 Ark. 616, 233 S. W. 779. These cases involved such offenses as robbery, larceny, homicide, or operating a gambling house. We perceive no good reason why the same rule should not apply to sex crimes; in fact, courts

of other states have held that, in sex crimes, evidence of other acts of a similar nature, recent in point of time, is admissible as bearing on the question of intent. Some such cases are: *Suber* v. *State,* 176 Ga. 525, 168 S. E. 585; *State* v. *Derry,* 202 Iowa 352, 209 N. W. 514; *State* v. *Bisagno,* 121 Kan. 186, 246 P. 1001; *State* v. *Wargo,* 83 N. H. 532, 145 Atl. 456; *Strand* v. *State,* 36 Wyo. 78, 252 Pac. 1030, and *State* v. *Dowell,* 47 Idaho 457, 276 Pac. 39, 68 A. L. R. 1061. See, also, West's Digest, "Criminal Law," § 371.

Finding no error, the judgment of the lower court is affirmed.