Strafford
No. 6785

STATE OF NEW HAMPSHIRE v. WILLIAM H. O'BRIEN III

March 29, 1974

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general, by brief, for the State.

*Glen E. Graper,* by brief, for the defendant.

GRIMES, J. Appeal from a conviction for grand larceny under RSA 582:3 and attempted grand larceny under RSA 590:6 raising the issues of whether or not instructions were required as to the lesser-included offense of "joy-riding" and as to the reliability of testimony of accomplices. These issues were reserved and transferred by *Mullavey,* J.

On June 20, 1972, a Kawasaki trail bike which had cost $325 was reported missing from the garage of a Dover resident. The following night an attempt to steal another motorcycle was foiled when the would-be thief, on being discovered, abandoned the motorcycle and escaped to some near-by woods. The defendant was charged with larceny under RSA 582:3 and attempted larceny under RSA 590:6 and convicted of both offenses largely on the testimony of accomplices.

The accomplice to the successfully executed crime testified that, at defendant's suggestion, he drove the defendant to the owner's home and stood watch while the defendant removed the bike from a garage where it was housed. They then hid the bike in a nearby sandpit. The accomplice to the crime of attempted larceny testified that the following day the defendant took him to the hiding place and showed him the bike which the defendant said he had "stolen" from the owner. The second accomplice testified further that in

the evening of that same day he and the defendant while riding around Dover in the accomplice's car, spotted a motorcycle parked beside a house. They parked the car, and, while the accomplice hid behind a tree, the defendant pushed the motorcycle through the backyards of adjoining houses. When detected by a neighbor, the defendant assertedly dropped the motorcycle and ran, losing his glasses in the flight. Another neighbor testified that on the night in question a young man, whom she identified as the defendant, came to her home shortly after this incident and asked to borrow a flashlight to look for his glasses. Two weeks after the first theft, the owner testified he received an anonymous phone call informing him of the location of his trail bike. The bike had been damaged more than the amount of its purchase price. The muffler had been sawed off, the fenders removed, the wiring cut and the headlamp and shifting gear bent. Defendant's defense consisted of denying any knowledge of or involvement in the incidents and attacking the credibility of the accomplices' testimony by arguing that a vindictive police inspector led them to falsely inculpate defendant in exchange for leniency from the police. At the conclusion of the court's instructions to the jury but before the jury retired, defense counsel orally requested an instruction on "joy-riding". The request was denied.

The joy-riding statute prohibits "wilfully, mischievously and without claim of right" taking another's vehicle "but not with the intent to steal the same." RSA 572:45. The essential difference between the felony of grand larceny and the misdemeanor of joy-riding lies in whether the intent of the defendant was to permanently deprive another of his property and convert it to his own use or to take it without authorization but not with the intent to keep it.

An instruction on a lesser-included offense should be freely given where counsel requests it and it is compatible with the evidence of the trial. *United States v. Sinclair*, 444 F.2d 888 (D.C. Cir. 1971). Indeed, it has been suggested that a law precluding such an instruction would raise difficult constitutional questions. *Keeble v. United States*, 412 U.S. 205, 213 (1973).

To be entitled to the instruction, however, the lesser offense

must necessarily be included in the greater and the evidence must justify a finding of guilt of the lesser offense. *Sansone v. United States,* 380 U.S. 343 (1965). Since it is not disputed that joy-riding is a lesser offense included in grand larceny of a motor vehicle, the question then is whether the element of intent to steal which is not common to both offenses was disputed by the defendant so as to furnish a rational basis for a finding of guilt on the lesser offense. *United States v. Sinclair,* 444 F.2d 888, 890 (D.C. Cir. 1971); *Driscoll v. United States,* 356 F.2d 324, 328 (1st Cir. 1966). It was not disputed in this case.

The defendant took the stand and denied taking the first bike or attempting to take the second. He testified as to his actions and whereabouts on both occasions which did not include his participation in or presence at the scene of the crimes. His entire defense was completely exculpatory. He testified he had nothing to do with the offenses, was elsewhere when they occurred, and that the two alleged accomplices were lying because of a grant of immunity from prosecution as part of a plan of a police officer to get the defendant because a previous charge of larceny of a vehicle had been reduced. No argument regarding the lesser offense was made and no request for such an instruction was made until after the charge had been given but before the jury retired. *State v. Davis,* 83 N.H. 435, 144 A. 124 (1928). Thus the evidence furnished no rational basis for a finding of guilt of the lesser offense. *United States v. Sinclair,* 444 F.2d 888 (D.C. Cir. 1971); see *State v. Kawa,* 113 N.H. 310, 306 A.2d 791 (1973).

The defendant also raises on appeal for the first time the failure of the trial court to give a cautionary instruction regarding the testimony of accomplices. Since the record does not disclose that any request for such an instruction was made at any time even after the completion of the charge, no question is presented for this court. *State v. Wargo,* 83 N.H. 532, 534, 145 A. 456, 458 (1929).

*Exceptions overruled.*

All concurred.