Merrimack
No. 6906

STATE OF NEW HAMPSHIRE

v.

ROBERT BREEST

September 30, 1975

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general *(Mr. Rath* orally), for the State.

*McSwiney, Jones & Semple (Mr. Paul C. Semple* orally) for the defendant.

GRIMES, J. The issues raised by the defendant are whether he was prejudiced by having a state's witness claim the privilege against self-incrimination before the jury and then testify under a grant of immunity and whether the prosecutor's argument to the jury denied him a fair trial.

Defendant was tried before a jury after being indicted for burglary. He was found guilty and his exceptions were transferred by *Keller,* C.J.

During the course of the trial, a witness for the State claimed the privilege against self-incrimination before the jury. During a recess and in the absence of the jury, the witness was granted immunity under RSA 516:34 (Supp. 1973) and then testified before the jury and was cross-examined by defense counsel. Defendant claims that by putting the witness on the stand before the jury, knowing he would claim the privilege, and then having him testify under a grant of immunity so increased the impact and credibility of the witness as to prejudice defendant's right to a fair trial.

This is not a case where the prosecution knowingly had the witness claim the privilege before the jury and then dismissed the witness, leaving an inference with the jury in a form not subject to cross-examination. *See Douglas v. Alabama,* 380 U.S. 415 (1965). Here the witness did testify and was subject to cross-examination. There was no denial of the right to confrontation.

Although the better practice in cases such as this might be to have the witness claim the privilege in the absence of the jury, we need not decide in this case whether the defendant was prejudiced by the procedure followed at his trial. Not only were there no objections made, but the procedure was discussed beforehand and agreed to by defendant's trial counsel. He cannot, therefore, now be heard to complain.

The defendant complains about the prosecutor's argument, which contained expressions of his personal opinion as to the guilt of the defendant and the credibility of witnesses. *See* Annot., 50 A.L.R.2d 766 (1956); ABA Standards Relating to The Prosecution Function and The Defense Function, Part I § 5.8 (Tent. Draft 1970). However, the record reveals no objection to that portion of the argument he now complains about. Not having objected at a time when the argument, if improper, could have been stopped or nullified by the court, he has waived any right to have it considered

here. *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973); *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974).

*Exceptions overruled.*

All concurred.