Rockingham
No. 7342

STATE OF NEW HAMPSHIRE

v.

THOMAS E. MELOON

November 30, 1976

*David H. Souter,* attorney general, and *Peter W. Heed,* attorney *(Mr. Heed* orally), for the State.

*Eleanor Krasnow,* by brief and orally, for the defendant.

GRIFFITH, J. Defendant was found guilty after a trial by jury of an indictment alleging violation of then-effective RSA 632:1 I (c), in that on November 10, 1973, he had sexual intercourse with a female, not his wife and under fifteen years of age. The Trial

Court, *Cann*, J., sentenced defendant to not less than seven nor more than fifteen years in State prison. This sentence was reduced by the Sentence Review Board to a term of five to ten years on April 16, 1976. All questions of law arising from the trial were reserved and transferred by *Cann*, J.

The defendant is represented on appeal by new counsel who did not participate in the trial. We are now urged to consider whether the trial court's instructions to the jury were in error because they did not state that the prosecution was required to prove that the defendant knew that the prosecutrix was under the age of fifteen at the time he committed the act in question. Defendant further asks us to decide whether RSA 632:1 I (c) (repealed Laws 1975, 302:2), under which he was convicted, violated his constitutional rights of equal protection and due process of law.

Trial counsel made no objections and took no exceptions during the trial and at the conclusion of the trial court's charge to the jury stated he had "[n]o objections to the charge." By failing to object at a time when the instructions, if improper, could have been corrected by the court, he has waived any right to have the question considered now. *State v. Breest*, 115 N.H. 504, 345 A.2d 391 (1975); *State v. O'Brien*, 114 N.H. 233, 317 A.2d 783 (1974). We find no reason in this case to waive the usual rule that exceptions not properly taken are waived. *See Barton v. Manchester*, 110 N.H. 494, 272 A.2d 612 (1970); *cf. State v. Nelson*, 105 N.H. 184, 196 A.2d 52 (1963).

The trial court's charge that the State need not prove that the defendant knew the prosecutrix was under fifteen years of age was in accord with the statute and *State v. Gerald Davis*, 108 N.H. 158, 229 A.2d 842 (1967). Even were the issue properly before us, there is no incentive to reexamine the *Davis* rule where the record is replete with uncontradicted evidence, including the defendant's own admission, that he did in fact know that the prosecutrix was under the age of fifteen at the time he committed the act in question.

The defendant also proposes here that we find RSA 632: 1 I (c) on its face and as applied to him denies him equal protection of law as guaranteed by the fourteenth amendment to the United States Constitution. Defendant argues that because the statute under which he was convicted is directed only at males who rape females and not at females who rape males, unlike the present provision RSA 632-A:2 (Supp. 1975), that there is an invidious

discrimination against males. Defendant cites no authority in support of his novel theory and we note that wherever we have found it advanced, it has been universally rejected. *See, e.g., People v. Mackey,* 46 Cal. App. 3d 755, 120 Cal. Rptr. 157 (1975); *People v. Green,* 183 Colo. 25, 514 P.2d 769 (1973); *In re W.E.P.,* 318 A.2d 286 (D.C. App. 1974); *State v. Drake,* 219 N.W.2d 492 (Iowa 1974); *In re Interest of J.D.G.,* 498 S.W.2d 786 (1973); *State v. Elmore,* 24 Ore. App. 651, 546 P.2d 1117 (1976); *Finley v. State,* 527 S.W.2d 553 (Tex. Crim. App. 1975); *Flores v. State,* 69 Wis. 2d 509, 230 N.W.2d 637 (1975).

We agree with the reasons advanced in the above cases that establish the classification as reasonable and not constitutionally suspect. The potential pregnancy of the female and the remote contingency of the older female seducing the under-age male with harmful results justify the legislative restriction of the crime to the male sex.

*Appeal dismissed.*

GRIMES, J., concurred in the result; the others concurred.