Original
No. 78-240
No. 79-020
Merrimack
No. 79-007

FREDERICK J. MARTINEAU

v.

EVERETT I. PERRIN, JR., WARDEN,

NEW HAMPSHIRE STATE PRISON

CLIFFORD E. AVERY

v.

SAME

ROBERT BREEST

v.

SAME

July 11, 1979

*Nardi & Robbins*, of Concord (*Arthur E. Robbins* orally), and Frederick J. Martineau and Robert Breest, pro se, by brief.

*William P. Shea*, of Sanbornville (*Edward J. Mertens* orally), and Clifford E. Avery, pro se, by brief.

*Thomas D. Rath*, attorney general (*Richard B. Michaud*, assistant attorney general, orally), for the defendant.

PER CURIAM. The plaintiffs, in their habeas corpus petitions, seek to set aside murder convictions on the grounds that the reasonable doubt instructions given to the juries were unconstitutional. We deny

the petitions because the plaintiffs did not comply with the long-standing New Hampshire procedural requirement that objections and exceptions be taken at trial to preserve issues for subsequent appeal and post-conviction relief.

On March 22, 1973, plaintiff Breest was convicted of first-degree murder after a jury trial. On appeal to this court, he raised at least eight legal arguments that were answered in a lengthy opinion affirming his conviction. *See State v. Breest,* 116 N.H. 734, 367 A.2d 1320 (1976). Plaintiff Martineau was convicted of first-degree murder on November 14, 1959, following a jury trial. He appealed numerous issues unsuccessfully to this court. *See State v. Nelson,* 103 N.H. 478, 175 A.2d 814 (1961), *cert. denied,* 369 U.S. 879 (1962). Plaintiff Avery. was convicted of first-degree murder on May 19, 1975. He perfected no appeal to this court.

In all three cases, differing versions of an' instruction concerning reasonable doubt were given to the jury, but none of the plaintiffs ever objected, took an exception, or perfected an appeal on the issue. The plaintiffs, in seeking writs of habeas corpus, request this court to apply the holding in *Dunn v. Perrin,* 570 F.2d 21 (1st Cir. 1978), *cert. denied,* 437 U.S. 910 (1978), retroactively, so as to require reversal of their convictions and new trials.

The *Dunn* case arose when Dunn was convicted of riot, a class B felony. Dunn alleged that the reasonable doubt instruction given at his trial did not meet constitutional requirements, and moved for a new trial. That issue was contained in the reserved case transferred to this court. The issue was briefed, argued, and decided adversely to him by this court in Dunn's direct appeal in *State v. Belkner, & a.,* 117 N.H. 462, 374 A.2d 938 (1977). Relying on *State v. Black,* 116 N.H. 836, 368 A.2d 1177 (1976), rather than *United States v. Flannery,* 451 F.2d 880 (1st Cir. 1971), we differed with the First Circuit on the constitutional issue. *State v. Belkner supra* at 471–72, 374 A.2d at 944. The issue in *Black* and *Belkner* was properly before us by motion or exception taken at trial. Dunn was ultimately successful in a federal habeas corpus proceeding. *See Dunn v. Perrin,* 570 F.2d 21 (1st Cir. 1978), *cert. denied,* 437 U.S. 910 (1978).

*In State v. Wentworth,* 118 N.H. 832, 395 A.2d 858 (1978), the defendant excepted at trial to the reasonable doubt charge. We upheld the conviction on two grounds: first, we distinguished the jury instruction from the instruction held invalid in *Dunn v. Perrin supra,* and second, we concluded that the First Circuit was in error. We nonetheless instructed our trial judges to discontinue use of their decades-old charge and use one set forth in *Wentworth.*

In declining to follow an earlier holding of the United States Court of Appeals for the Third Circuit in a different case involving an identical question of law, the New Jersey Supreme Court declared that, "the United States Supreme Court is the final arbiter on all questions of federal constitutional law." *State v. Coleman*, 46 N.J. 16, 34, 214 A.2d 393, 402 (1965), *cert. denied*, 383 U.S. 950 (1966). Lower federal court holdings are "not binding on [the State courts] in other cases which come before [them] in the exercise of [their] acknowledged State jurisdiction." *Id.* at 36, 214 A.2d at 403; *accord, United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1075 (7th Cir. 1970), *cert. denied*, 402 U.S. 983 (1971). This State court authority is based upon the parallel position of State and lower federal courts.

> In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same position; there is parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court.

*State v. Coleman*, 46 N.J. at 36, 214 A.2d at 403. *See also Bromley v. Crisp*, 561 F.2d 1351, 1354 (10th Cir. 1977), *cert. denied*, 435 U.S. 908 (1978) (State courts may express independent views on federal questions until binding decision of Supreme Court); *City of Chicago v. Groffman*, 68 Ill. 2d 112, 368 N.E.2d 891 (1977) (decisions of United States district and circuit courts not binding on State courts); *Breckline v. Metropolitan Life Ins. Co.*, 406 Pa. 573, 178 A.2d 748 (1962) (State court not strictly bound unless Supreme Court has ruled). *See generally* Note, *Authority in State Courts of Lower Federal Court Decisions on National Law*, 48 COLUM. L. REV. 943 (1948); *State v. Coleman supra* at 16, 214 A.2d at 403–04, and cases cited therein.

In the present cases, we need not again address the issue of the reasonable doubt charge and the different approaches of *Dunn v. Perrin* and *State v. Wentworth*. Of course, the State is never required "to rule out every hypothesis except that of guilt beyond a reasonable doubt . . . ." *Jackson v. Virginia*, 99 S.Ct. 2781 (1979). We have firmly and consistently required that objections and exceptions be taken at trial to preserve issues for our consideration, especially with regard to jury instructions. *State v. O'Brien*, 114 N.H. 233, 236, 317 A.2d 783, 785 (1974). Although the requirement is relaxed in certain situations, these cases do not come within any recognized exception to the general rule. *See Barton v. City of Manchester*, 110 N.H. 494, 272 A.2d 612

(1970). In *State v. Meloon*, 116 N.H. 669, 366 A.2d 1176 (1976), we reminded counsel that

> [b]y failing to object at a time when the instructions, if improper, could have been corrected by the court, he has waived any right to have the question considered now. . . . We find no reason in this case to waive the usual rule that exceptions not properly taken are waived.

*Id.* at 670, 366 A.2d at 1176–77 (citations omitted).

In this State, unlike the federal rule permitting objections to suffice, we have required for decades that an objection be made and an exception taken in the event of an adverse ruling by the trial judge. This practice and custom have a statutory basis in RSA 490:10 and RSA 491:17. The Breest and Avery trials occurred after *United States v. Flannery*, 451 F.2d 880 (1st Cir. 1971), but no objection or exception was taken to the reasonable doubt charge. The trial judges in those two cases had no opportunity to modify their charges and respond to any allegations of error. Plaintiff Martineau had neither objected to nor excepted to the charge on reasonable doubt in his case.

The New Hampshire procedural requirement as to contemporaneous objection and exception is grounded on judicial economy and common sense. *See State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978). This court previously stated:

> [w]hen an exception is taken to instructions which are erroneous, upon a point which, if made known at the time, would have been rectified, the point must be stated, so that the court can understand the ground of objection, and have an opportunity to correct the error. If not stated, the exception will be regarded as waived. It would be unjust to allow a party to lie by and take the chances of a verdict in his favor, and, if defeated, avail himself of an exception which might have been obviated if seasonably known.

*State v. Isabelle*, 80 N.H. 191, 192–93, 115 A. 806, 808 (1921), *quoting Haines v. Republic Fire Ins. Co.*, 59 N.H. 199, 200 (1879).

This same principle has been affirmed recently in *Wainwright v. Sykes*, 433 U.S. 72 (1977), which arose out of a federal habeas corpus petition filed following an unsuccessful appeal to the Florida Supreme Court. Like Florida, this State requires a contemporaneous objection, but also requires an exception to be noted. This long-standing procedural rule "enables the record to be made with respect to the

constitutional claim when the recollections of witnesses are freshest, not years later in a federal habeas proceeding." *Id.* at 88. *See also Jackson v. Virginia*, 99 S.Ct. 2781 (1979). An example of this delay is the case of plaintiff Martineau. Twenty years after his trial, he now brings our attention to an asserted jury charge error he never previously raised. A criminal trial, like any other human institution, can never be perfect, and for that reason, appeals should not be based upon "treasure hunts" by counsel grounded upon the shifting judicial winds of appellate courts years after a trial. *See generally* M. FLEMING, THE PRICE OF PERFECT JUSTICE (1974); Douglas, *State Judicial Activism — The New Role for State Bills of Rights*, 12 SUFFOLK L. REV. 1123, 1136 (1978). This view was recently well-noted in *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978). *See also United States ex rel. Allum v. Twomey*, 484 F.2d 740 (7th Cir. 1973).

We recently reaffirmed our exception requirement, *State v. Osborne*, 119 N.H. 427, 402 A.2d 493 (1979); *State v. Boisvert*, 119 N.H. 174, 400 A.2d 48 (1979), and will continue to apply the rule.

*Petitions dismissed.*

GRIMES, J., did not sit.